DAVID SYKES *v.* STATE OF MISSISSIPPI.

[42 South. Rep., 875.]

CRIMINAL LAW. *Murder. Abuse of argument. New trial.*

    Where upon the trial of a defendant for a murder of revolting barbarity a prosecuting attorney, without warrant in the evidence, made inflammatory statements calculated to prejudice the jury against defendant, a conviction on testimony of a doubtful character should be set aside, although the trial court sustained defendant's objection to the improper argument and directed the jury to disregard it.

FROM the circuit court of. Monroe county.

HON. EUGENE O. SYKES, Judge.

Sykes, a negro, the appellant, was indicted and tried for the murder of another negro, George McIntosh, and was convicted and sentenced to suffer death. From the conviction and sentence he appealed to the supreme court.

The decapitated body of the dead man, partially buried, was discovered a short distance from his home; and his head found in a nearby pool of water. The appellant, Sykes, and Martha

McIntosh, the widow of the deceased, were severally indicted for the crime. The widow at first pleaded not guilty, but subsequently withdrew the plea and entered a plea of guilty of being an accessory after the fact to the murder, and was held, pending sentence, at the time of the trial of the appellant. She was the principal witness for the state on appellant's trial, and testified that he, having for some time been seeking to ingratiate himself into her affections and alienate her from her husband, entered the dwelling house at night where she and decedent were sleeping, killed him with an ax; and compelled her to aid in dragging the corpse away; that he decapitated it and hid the head and body in different places. The state's other testimony was merely circumstantial. The appellant, the only witness in his behalf, denied knowledge of the killing.

During the argument of the case before the jury an attorney for the state employed to assist the district attorney, said: "Gentlemen of the jury, if you turn this prisoner loose, he might be guilty of perpetrating his lust upon some of the white women of the country. I am satisfied that his motive for committing this crime was because he was lusting after Martha McIntosh, the wife of George McIntosh. You ought to convict him, because he might rape some of the white women of the country." The appellant's counsel objected to the statements of the attorney to the jury, and the same were excluded. Thereupon the attorney further remarked to the jury, in resuming his argument: "Yes, gentlemen of the jury, I have no objection to my remarks being ruled out, but you know they are facts." The remarks before the jury, above quoted, were assigned as error.

*D. W. Houston,* for appellant.

As there was only one alleged eye-witness to the crime, namely, the woman, Martha McIntosh, herself guilty as an accessory after the fact, this court will see that there was very little evidence to fix the crime upon the appellant. Consider-

ing the gravity of the crime, it was reversible error for the prosecuting attorney, employed to assist the district attorney, to make the inflammatory remarks to the jury shown in the special bill of exceptions. *Brown* v. *State,* 33 South. Rep., 170; *Middleton* v. *State,* 31 South. Rep., 809. A new trial should have been awarded to appellant in view of such language of counsel. *Kellogg* v. *State,* 55 Neb., 748 (76 N. W. Rep., 462); Abbott's Trial Briefs, 264; *Long* v. *State,* 81 Miss., 449 (s.c., 33 South. Rep., 224); *Fuller* v. *State,* 85 Miss., 206 (s.c., 37 South. Rep., 749).

The error in the case at bar, because of such statements of counsel before the jury, was more flagrant even than the language criticised by this court in the case of *Talkington* v. *State,* 87 Miss., 510, for the evident result of the statements was to inject race prejudice into the minds of the jury.

A court should be quick to interfere when passion, prejudice or public opinion is being used to influence a jury in a capital case. *State* v. *Proctor,* 86 Ia., 698; *Bryson* v. *State,* 20 Tex. App., 566; *Heller* v. *People,* 22 Col., 11.

Where the appellate court cannot say that no injury resulted to the defendant from incorrect language used in argument by the state's attorney, it should reverse the case, even though the judge of the trial court promptly and properly interfered and rebuked the attorney, and instructed the jury not to consider such language. *People* v. *Bowers,* 79 Col., 415; *State* v. *Young,* 99 Mo., 666; *People* v. *Ah Len,* 92 Cal., 282; *People* v. *Abel,* 113 Mich., 80; *State* v. *Noland,* 85 N. C., 576; *Holden* v. *State,* 58 Ark., 279; *Scott* v. *State,* 110 Ala., 48; *People* v. *Lee Chuck,* 78 Cal., 329.

Different cases may be cited where this court has refused to reverse because of improper language of counsel for the state before the jury, as, for instance, *Cheatham* v. *State,* 67 Miss., 335 (s.c., 7 South. Rep., 204); *Oden* v. *State,* 27 South. Rep., 992; *Cartwright* v. *State,* 71 Miss., 83 (s.c., 14 South.

Rep., 526). In every case, however, it will be found that the guilt was overwhelming from the evidence, or the language was not of such inflammatory nature as to work prejudice to the defendant.

*Buchanan & Buchanan,* on the same side.

Under the facts in evidence it was absolutely necessary that improper influences should not be brought to bear against the defendant. Yet, without sufficient evidence to substantiate his remarks, the prosecuting attorney who was assisting the district attorney in the case urged upon the jury that it was apparent defendant was lusting after Martha McIntosh, the wife of the deceased, and that if he was acquitted he might rape some of the white women of the country. Associate counsel for appellant has fully set forth the law showing that such statements constituted legal ground for a new trial. But even if there were no authorities to that effect, this court should hold such language, under the circumstances, improper, and constituting reversible error.

The object and intent of all law is to mete out justice, but it is useless to write laws for the protection of the innocent, and to throw around the accused safeguards to secure an impartial trial, if the attorney for the prosecution is to be allowed to depart from the evidence, and to inject into the bosoms of jurors the venom of race prejudice.

*L. P. Haley,* for appellee.

The statements made by associate counsel for the state before the jury were merely expressions of opinion, and did not constitute reversible error. *Downey* v. *State,* 115 Ala. 108. When objection was made by appellant's counsel to the language under consideration, the trial court promptly excluded the remarks from the jury. Subsequently, when the counsel for appellant was arguing the case before the jury, he remarked upon the statements thus already excluded, and thereupon, as

shown by the appellant's special bill of exceptions, counsel for the state called attention of the jury to the fact that such statements had been excluded. Certainly the jury should have understood as a result of the action of the court and such subsequent notice given the jury of the exclusion of the statements, that they should not consider the same.

There could be no race prejudice in this case in the minds of the jury, for all of the parties connected with the killing were negroes. There was no proof as to any agitation of racial animosities.

The case of *Talkington* v. *State*, 87 Miss., 510, cited by opposing counsel, was reversed upon testimony, and not because of the improper argument of counsel for the state. The case of *Cartwright* v. *State*, 71 Miss., 85 (s.c., 4 South. Rep., 526), also cited by opposing counsel, was reversed solely because members of the jury procured copies of a newspaper containing the substance of the evidence, touched up with remarks of the newspaper reporter.

How the case of *Fuller* v. *State*, 85 Miss., 206 (s.c., 37 South. Rep., 749), can be relied on as authority here, is not easily apparent. There the trial judge referred to the defendant, Fuller, by name in his charge to the grand jury which subsequently found the indictment. Moreover, improper remarks were made by the trial judge in passing upon Fuller's motion for a continuance, and such remarks were made within the hearing of petit jurors who were to try the defendant.

In *Hemingway* v. *State*, 68 Miss., 421 (s.c., 8 South. Rep., 317), this court said: "In this case, or in any case, if it seemed probable to us, on a full survey of the whole case, that the unwarranted remarks of counsel had swerved the jury from the right line, or had contributed to secure a verdict not clearly responsive to the evidence and instructions of the court, we should feel it our duty to reverse. . . . But where the sweep of an irresistible tide of evidence would, despite all immaterial errors of court

or reprehensible lapses from propriety by counsel, bear an enlightened mind and conscience to a fixed conclusion of guilt, the appellate court may not properly reverse."

As the evidence distinctly showed defendant guilty of the crime, there should be no reversal.

*R. V. Fletcher*, assistant attorney-general, on the same side.

The objection of appellant to the alleged improper statements of counsel for the state was immediately sustained by the trial court, and the jury were instructed to disregard the statements. This action on the part of the court would seem to be sufficient under the authority of *Cheatham* v. *State*, 67 Miss., 335 (s.c., 7 South. Rep., 204), to cure the error. It is not believed that a case can be cited in this state where improper argument of counsel caused a reversal, when objection thereto was sustained by the court; unless it be that the argument was in the very teeth of a positive statutory immunity granted to the defendant. Turning to other states, we find a unanimous current of authority to the effect that the action of the trial court in rebuking counsel and instructing the jury to ignore the argument cures the error. Thus, where counsel for the state referred to the prevalence of stabbing affrays in the city, of a nature similar to the one on trial, it was held that the case should not be reversed, since the court directed the jury to disregard the argument. *Barzynaki* v. *State*, 91 Wis., 415. The same ruling was made under the following states of cases: When, without evidence, it was stated that improper signals had been made to the jury, and that a material witness had been spirited away by defendant. *United States* v. *Muser*, 4 Utah, 153. Where defendant was denounced as a "hyena." *Schradier* v. *State*, 36 S. W., 94. Where the prosecuting attorney stated that a deceased witness had been murdered. *Brown* v. *State*, 28 S. W., 536. Where an appeal to race prejudice was thus cured. *State* v. *Hill*, 114 N. C., 780. And see, also, the case of *Griffin* v. *State*, 8 South. Rep., 670, where the language, "a man who will com-

mit a murder of this kind would murder me or murder you, or rape our women." See, also, *Childress v. State,* 86 Ala., 77; *People* v. *Kamana,* 110 Cal., 609; *Edwards* v. *State,* 90 Ga., 143; *Hoover* v. *State,* 48 Neb., 184, and *State* v. *Broswell,* 82 N. C., 693.

MAYES, J., delivered the opinion of the court.

The facts here present a case where it was peculiarly necessary that no improper influences should be placed in the scale to weight against this defendant. The speech of the prosecuting attorney employed to assist the state's attorney in the prosecution, when viewed in the light of this record, was exceedingly inflammatory. The crime with which this defendant is charged is one of revolting barbarity, and the testimony upon which his conviction must rest was of a very doubtful character. To these two things it was unjust and improper that there should have been added a speech, having no predicate in the facts, and of a kind most calculated to arouse prejudice in the minds of the jury, if such a feeling could be aroused. Looking into this whole record, we cannot say, in this particular case, that the speech objected to did no harm to the defendant.

*This being our view, the judgment must be reversed and case remanded.*