## LUCY EVANS *v.* STATE.

[54 South. 154.]

1. CRIMINAL LAW. *Misconduct of district attorney. Trial. Peremptory challenge.*

   Where the defendant had peremptorily challenged two persons on their statement that they were neighbors of the prosecuting witness, it was reversible error for the district attorney to say in his closing argument that "The state's only witness must have told the truth because the defendant challenged the two persons who are his neighbors and know he is a truthful man." This was an argument outside of the record and based on no fact admissible in evidence under any circumstances.

2. SAME. *Peremptory challenge.*

   The right to peremptorily challenge proposed jurors, is an absolute right and the motive for making same is not a proper subject for inquiry or comment in the presence of the jury.

APPEAL from the circuit court of Lincoln county.

HON. D. M. MILLER, Judge.

Lucy Evans was convicted of unlawful retaining and appeals.

The facts are fully stated in the opinion of the court.

*M. McCullough,* for appellant.

The next error of the trial court was his refusal to stop the district attorney when he argued before the jury that the appellant ought to be convicted because she was afraid of the proposed jurors who lived near Maxwell's home and were his neighbors. If there were any evidence offered through any witness that such an allegation as made by the attorney-general was true, if it could be made competent, then this assignment would not be in place. But the record is silent as to the truthfulness of the statement of the district attorney, except from his own statement made on the hearing of the motion for a new trial.

If it is true that the excused jurors said they were neighbors of Maxwell and knew him well, that has no bearing one way or the other as to the truthfulness or untruthfulness of the witness Maxwell and cannot possibly have anything to do with the guilt or innocence of the defendant. The law grants to the defendant the right to excuse these two jurors peremptorily and without assigning any cause, if she so desired, and it is highly improper and prejudicial to the defendant to have the district attorney in his closing argument to prejudice the minds of the jury by arguing that the defendant was unwilling to be tried by neighbors of the witness Maxwell. The district attorney in his explanation stated that he used this kind of argument because one of defendant's counsel had referred to the reliability of the witness Maxwell and that he was only showing to the jury that his neighbors had confidence in him. The district attorney's purpose was very good, but his method is very bad.

The district attorney says that he made the argument deliberately and that he does not apologize for the remarks he made. That may be a correct position, but isn't it true that he went out of the record of the evidence to get his argument and isn't that argument cal-

culated to materially prejudice the minds of the jury sworn to pass on the credibility of a detective witness?

The district attorney said: "Lanier was afraid of the men who knew Maxwell, and didn't want them to try this case, therefore, he excused two of the jury for that reason." "Lanier," as used, referred to the counsel for this appellant.

There was absolutely nothing in the record or properly before the jury as evidence to sustain such remarks. The empanelling of the jury, or whatever occurs in empanelling the jury to try one charged with crime, is not a proper matter for argument before the jury by the district attorney. This subject might be considered less important were it not a fact that Maxwell was the only state witness and showed by his own statements to have been a paid detective witness, on the credibility of whose testimony the jury was sworn to pass. In this state of case the remarks of the district attorney were highly prejudicial and absolutely unsupported by the law or the record.

It is true that counsel for the defendant objected to the attorney's argument in the presence of the jury, but the court declined to stop him and instruct the jury not to consider the statements of the district attorney. Some importance is attempted to be made, as will be seen from the testimony taken on the motion for a new trial, of the fact that the defendant's attorney spoke to the court in a rather low tone of voice, and that probably the jury never heard him making his objections to the court. It seems that it is contended that the objection made by Mr. Lanier was not made in the presence of the court and jury. And yet it is admitted that the judge was in his seat facing the jury and that the district attorney stood only a few feet (fifteen feet) away in front of the jury, and that Mr. Lanier's objections were made to the judge on the bench in a clear audible voice, even though neither the district attorney nor the members of the jury heard what was said by Mr. Lanier. He did make his objec-

tions to the statement to the judge, and that was enough to have made it incumbent on the trial judge to stop the district attorney and instruct the jury to disregard the statements.

*Jas. R. McDowell,* assistant attorney-general, for appellee.

The next error assigned is that the remarks of the district attorney prejudiced the jury. The statement of the district attorney is sufficient argument. If what he says is true, he was fully warranted in making the remark and it is impossible to conceive of any harm coming to defendant by reason of such remarks, made as they were.

ANDERSON, J., delivered the opinion of the court.

The appellant, Lucy Evans, was convicted in the circuit court of Lincoln county of the unlawful retailing of whiskey and appeals to this court. The only witness for the state was Herbert Maxwell, who testified that he was employed by the city of Brookhaven as a detective to secure evidence to convict persons engaged in that city in the unlawful sale of intoxicating liquors; that he was to receive ten dollars from the city for every conviction; that in pursuance of this employment he went to a house occupied by the appellant, and bought two glasses of whiskey from her, paying therefor fifteen cents a glass. The appellant, her daughter, and another woman testified that the house in which appellant resided was at the time of the alleged sale in part occupied by one Annie Smith, and that on the occasion testified to by Maxwell the appellant did not sell him any whiskey. Her daughter and the other woman testified in corroboration of Maxwell, that he did buy the whiskey, but bought it from Annie Smith, who had part of the house rented, and not from the appellant. There is no conflict in the testimony as to the crime having been committed. The only question was as to the identity of the guilty party.

In the formation of the jury, two of the jurors, on their *voir dire* examination, stated they were neighbors of the state's witness, Maxwell, and knew him. The appellant's attorney peremptorily challenged these two jurors, who were thereupon excused by the court. The district attorney, in his closing argument of the case, referring to this fact, used this language: "Lanier (referring to appellant's attorney) was afraid of the men who knew Maxwell, and didn't want them to try this case. Therefore he excused two of the jury for that reason." Appellant's attorney objected to this statement by the district attorney. The court refused to take any action on such objection, and permitted the statement to stand, to which action of the district attorney and the court appellant's attorney excepted, and embodied the matter in a special bill of exceptions, which is in the record.

Under the facts of this case the language of the district attorney used in his closing argument was so manifestly prejudicial to the rights of appellant that it must be reversed on that ground alone. In effect the district attorney, with the sanction of the court, said to the jury: "The state's only witness must have told the truth, because the defendant challenged the two jurors who are his neighbors and know he is a truthful man." It was argument outside of the record, and based on no fact admissible in evidence under any circumstances.

The peremptory challenge to proposed jurors, given by law to a defendant in a criminal case, is an absolute right, which may not be questioned by either opposing counsel or the court. The motive which may influence a defendant or his attorney in the exercise of such right is not the subject of inquiry, nor comment in the presence of the jury. If it were, then with as much reason and justice the most confidential communication between the defendant and his attorney would be.

*Reversed and remanded.*