[Palmer, et al. v. The State.]

# Palmer, *et al. v.* The State.

## *Adultery.*

(Decided Jan. 1,8 1912.   57 South. 507.)

1. *Criminal Law; Former Jeopardy; Plea.*—A plea setting up a previous trial on an issue tendered by the defendant's plea of not guilty to the indictment in the pending cause, on which trial evidence was introduced and a verdict rendered, sufficiently shows that a defendant had been in former jeopardy.

2. *Same.*—A plea of former jeopardy setting out a trial at a previous time on issue tendered by the defendant's plea of not guilty to the indictment in the pending trial, on which trial a conviction was had, and setting forth a judgment on the verdict, including provisions suspending the sentence pending an appeal, and alleging that the judgment was void, that no other judgment was rendered, and that the defendant was placed in jeopardy by such proceedings, was not subject to demurrer in showing that there was a judgment on the verdict and sentence in conformity thereto, or that the judgment was reversed and cause remanded on appeal, or that accused stands unprejudiced by any error in the former trial.

3. *Same; Pleading; Demurrer.*—Although a plea may be demurrable on some other grounds, a demurrer thereto setting up an untenable ground should not be sustained.

APPEAL from Marion Circuit Court.

Heard before Hon. C. P. ALMON.

Hez Palmer and another were convicted of an offense, and they appeal.   Reversed and remanded.

See, also 2 Ala. app. 265, 56 South. 50.

The following is the plea in abatement: "Defendant Hez Palmer alleges that heretofore, to wit, at the February, 1910, term of the circuit court of Marion county, Alabama, this defendant and Jennie Langston, with whom he was jointly indicted, were tried on the indictment herein; that on said trial defendants jointly plead not guilty, and evidence was introduced on the issue tendered by said plea, and a verdict was rendered on said trial by the jury which was organized to try defendant which verdict was in words and figures as fol-

lows: 'We, the jury, find the defendants guilty as charged in the indictment and assess a fine of $100 to each defendant. W. B. Musgrove, Foreman.' And the defendant alleges that upon the rendition of said verdict on said trial the said circuit court of Marion county, Alabama, rendered the following as a judgment on said verdict, as shown by the minutes of said court, to wit: 'The State v. Hez Palmer and Jennie Langston. February Term, 1910. Indictment—Adultery and Fornication. Comes the State of Alabama, by its solicitor, and come also the defendants in their own proper person and by attorney, and the defendants, being arraigned in open court, for answer to said indictment, plead and say that that they are not guilty in manner and form as charged therein. Thereupon came a jury of good and lawful men, to wit, W. B. Musgrove and eleven others, who having been impaneled and sworn according to law, on their oaths do say: "We, the jury, find the defendants guilty as charged in the indictment, and assess a fine of $100 to each defendant." It is therefore considered and adjudged by the court that the state of Alabama, for the use of Marion county, have and recover from the defendants the sum of $100 each, the fines assessed by the jury as aforesaid, together with the costs of this prosecution, for which execution may issue. It is therefore considered and adjudged by the court that the said defendant Hez Palmer be and he hereby is sentenced to hard labor for the county of Marion for a term of three months, and an additional punishment to that fixed by the jury in this case. Came into open court the defendants Hez Palmer and Jennie Langston, as principals, and D. J. H. Palmer, J. A. Palmer, W. B. Palmer, R. H. Palmer, W. G. Palmer, and Lucy Ann Nichols, as sureties, and in open court confessed judgment in favor of the state of Alabama, with waiver of

exemptions, and against Hez Palmer and Jennie Langston, for the sum of one hundred dollars each, the fines imposed in this case, together with the costs in this behalf expended. It is therefore considered and adjudged by the court that the state of Alabama, for the use of Marion county, have and recover of the said Hez Palmer, Jennie Langston, D. J. H. Palmer, J. A. Palmer, W. B. Palmer, R. H. Palmer, W. G. Palmer, and Lucy Ann Nichols said sums so confessed, with waiver of exemptions as to the collection of this judgment, for which let execution issue. It being made known to the court that the defendants desire an appeal to the Supreme Court, the sentence is suspended pending an appeal, and defendants admitted to bail in the sum of five hundred dollars each, with sufficient sureties, conditioned for their appearance at the next term of this court, and from term to term, to abide such judgment as may be rendered by the Supreme Court. It is further ordered by the court that the defendants have 90 days from the adjournment of this court to prepare and tender a bill of exceptions. This March 4, 1910.' Defendant alleges that said judgment rendered by said court in this cause upon said verdict was void and ineffectual as a judgment of conviction against this defendant, and defendant avers that no other judgment was rendered by said court upon said trial, except that hereinabove set out and shown by the minutes of said court. Defendant alleges that he has heretofore been put in jeopardy on the indictment against him herein, and above shown, notwithstanding the invalidity of the judgment rendered on said trial, and he should not now be again put in jeopardy, nor again tried on said indictment."

The state demurred upon the following grounds: That the allegations of the plea on its face show that there was a judgment by the court on the verdict of the jury

[Palmer, et al. v. The State.]

and a sentence conforming thereto; that there was an appeal to the Supreme Court, and the cause reversed and remanded for a new trial to this court; that Hez Palmer stands unprejudiced in this trial court, and is tried de novo, and no further advantage can be taken of any errors in the former trial.

A. F. Fite and K. V. Fite, for appellant. When issue is joined upon a sufficient indictment, evidence introduced and a case submitted to a jury, the defendant has been put in jeopardy.—*Grogan v. The State,* 44 Ala. 9; *Hayes v. The State,* 107 Ala. 1. The demurrer admitted the facts pleaded.—*Spivey v. The State,* ᴇᴇ South. 232. The court, therefore, erred in sustaining demurrers to the pleas.—*Coburn v. The State,* 151 Ala. 103.

R. C. Brickell, Attorney General, and W. L. Martin, Assistant Attorney General, for the State. The demurrers were properly sustained to the pleas of former jeopardy. The defendant took the appeal and thereby waived his constitutional privilege not to be placed in jeopardy a second time.—*Cobis v. State,* 16 Ala. 781; *Jeffries v. State,* 40 Ala. 381; *Kendell v. State,* 65 Ala. 492; *Norrissette v. State,* 77 Ala. 71; *Gunter v. State,* 83 Ala. 96; *State v. McFarlin,* 212 Ala. 45; *Stone v. State,* 16 Ala. 94; *Niel v. State,* 161 Ala. 25.

WALKER, P. J.—The defendant's plea of former jeopardy in setting out a trial at a previous term on an issue then tendered by his plea of not guilty to the indictment in this case, on which trial evidence was introduced and a verdict rendered, undoubtedly showed that he has been in former jeopardy.—*Scott v. State,* 110 Ala. 48, 20 South. 468. It is not denied that that plea was subject to demurrer, but it was not subject to ob-

jection on either of the grounds assigned in the demur-
rer actually interposed to it.   Obviously the first and
third grounds of the demurrer were untenable.   The
second ground suggested an objection to which the aver-
ments of the plea did not show that it was subject.   The
plea did not aver or show that the Supreme Court had
reversed the judgment rendered at the former term, and
remanded the case for a new trial.   Nor is this fact oth-
erwise disclosed by the record.   It did not appear from
the averments of the plea that the defendant had waived
his privilege of not being put in jeopardy a second time
for the same offense by procuring the vacation of the
judgment rendered at the former term.—*State v. Mc-
Farlan,* 121 Ala. 45, 25 South. 625; *Gunter v. State,* 83
Ala. 96, 3 South. 600.   As to its second ground, the de-
murrer was a speaking one in suggesting as an objec-
tion to the plea the existence of a fact not averred.   A
demurrer to a plea on an untenable ground should not
be sustained.—*Coburn v. State,* 151 Ala. 100, 44 South.
58, 15 Ann. Cas. 249.   For the error in sustaining the
demurrer to the plea of former jeopardy, the judgment
must be reversed.

Reversed and remanded.