(86 South. 121)

McKINNEY v. STATE.   (8 Div. 707.)

(Court of Appeals of Alabama.   June 8, 1920.)

1. HOMICIDE ☞314—VERDICT INSUFFICIENT, NOT ASSESSING PUNISHMENT.

Where the jury, acting within the court's instructions, declined to fix the punishment in a homicide case, but left that to the court, the verdict, being, "We, the jury, find the defendant guilty," the verdict would not sustain a judgment of conviction.

2. CRIMINAL LAW ☞204—PLEA OF JEOPARDY MAY BE WAIVED.

A plea of former jeopardy may be waived.

Appeal from Circuit Court, Franklin County; C. P. Almon, Judge.

George McKinney was indicted upon a charge of murder in the second degree, and on his trial was convicted of manslaughter in the second degree, and, from the judgment, he appeals. Reversed and remanded.

W. L. Chenault and Travis Williams, both of Russellville, for appellant.

J. Q. Smith, Atty. Gen., for the State.

SAMFORD, J.  [1] The jury, acting within the court's instructions, declined to fix the punishment, but left that to the court, the verdict being, "We, the jury, find the defendant guilty." The court on this verdict adjudged the defendant guilty of manslaughter in the second degree, and fixed his punishment at one year at hard labor and an additional period to pay the costs. The verdict of the jury will not sustain the judgment, and

for that reason must be reversed. Bates. v. State, 170 Ala. 26, 54 South. 432.

[2] This cause might also be rendered under authority of Palmer v. State, 3 Ala. App. 127, 57 South. 507, but for the fact that a plea of former jeopardy may be waived, and hence the cause is remanded.

Reversed and remanded.