and the trial proceeded as to the phonograph. There was no testimony offered to sustain the first count of the indictment, nor no' attempt upon the part of the state to make out a case 'against this defendant as to that count, and the court properly gave the affirmative charge requested in writing by defendant as to the first count of the indictment, the larceny charge.

The main trial proceeded throughout without any exception to the rulings of the court upon the testimony; the refusal of the affirmative charge for the defendant being the only question presented. Under the evidence upon which this case was submitted to the jury, this charge was properly refused.

[1, 2] It is strenuously insisted, however, that the court erred in denying the motion for a new trial. This motion shows a strict compliance with the statute (Acts 1915, p. 722), and in our opinion should have been granted. The state necessarily relied for a conviction mainly upon the testimony of Willie Sanford, the self-confessed thief 'of the phonograph, and the only incriminating facts against this defendant were testified to by him alone, and without which there could have been no conviction. On the motion for new trial this witness voluntarily testified that his testimony in this respect was untrue, and it was also shown, on the hearing of the motion, by witness Seals that the testimony of state witness Sanford tending to show the culpability of this defendant was untrue. This was newly discovered evidence, and it clearly appears that the defendant had no means of knowing, and could not have known at the time of the trial, the damaging facts testified to against him by Sanford, who said that Albert Seals was with him at the time and heard defendant make the statements which were so damaging in their effect as to be in all probability responsible for his conviction. The possession of the recently stolen phonograph by defendant was not denied by him. In fact it clearly appears that he made no effort to conceal the property, but kept it openly for the use of himself and his brother's family, and the neighbors. The insistence that the fact of the phonograph being worth considerably more than the $30 he paid for it cast the suspicion upon the defendant that he must have known or believed the property to have been stolen may be successfully answered by the undisputed fact that defendant was ignorant and uneducated, and a foreigner, who had but a very short time before come over to this country, and was practically unable to speak the English language; was also unversed in the ways and customs and habits of the people of America, his new home. All this, coupled with other facts of like import, convinces us that the court erred in overruling the motion for a new trial. The pivot-

al point in this case is whether or not from the evidence it was shown beyond a reasonable doubt that the defendant knew at the time he bought the phonograph from Sanford that it was stolen property. This is one of the constituent elements of the offense charged. Jordan v. State, 17 Ala. App. 575, 87 South. 433. We are of the opinion that the newly discovered evidence shown upon the hearing of the motion might be sufficient, if believed, to raise a reasonable doubt as to defendant's knowledge that the property in question was in fact stolen property, and, this being true, we think he should have the benefit of this evidence before the jury. To that end the ruling of the court in denying the motion for a new trial is hereby reversed, and the order made by the court in this connection is set aside, and one here entered granting the motion and awarding a new trial of this case.

Reversed and remanded.

---

(97 South. 114)

**HAWES v. STATE.   (3 Div. 466.)**

(Court of Appeals of Alabama.   June 26, 1923.)

**Criminal law ⬅884—Verdict not assessing punishment held insufficient.**

A verdict in a prosecution on a charge of carnal knowledge of a girl over 12 and under 16, which found defendant guilty as charged in the indictment without fixing the punishment, would not sustain a judgment of conviction.

Appeal from Circuit Court, Autauga County; W. M. Lackey, Judge.

L. C. Hawes was convicted of having carnal knowledge of a girl over 12 and under 16 years of age, and appeals. Reversed and remanded

The verdict of the jury was as follows: "We the jury find the defendant guilty as charged in the indictment"—without fixing the punishment. The judgment of the court upon the verdict fixed the punishment at from four to six years in the penitentiary.

Gipson & Booth, of Prattville, and Chester Austin, Thos. J. Judge, and Clarence Mullins, all of Birmingham, for appellant.

The court erred in receiving the verdict of the jury, which failed to fix the punishment of the defendant. Acts 1915, p. 137; Washington v. State, 125 Ala. 40, 28 South. 78; Bates v. State, 170 Ala. 26, 54 South. 432; McKinney v. State, 17 Ala. App. 474, 86 South. 121.

Harwell G. Davis, Atty. Gen., for the State.

No brief reached the Reporter.

SAMFORD, J. The judgment is reversed and the cause is remanded on the following authorities: Acts 1915, p. 137; McKinney v. State, 17 Ala. App. 474, 86 South. 121; Washington v. State, 125 Ala. 40, 28 South. 78; Bates v. State, 170 Ala. 26, 54 South. 432.

---

(96 South. 723)

**RAYNARD v. STATE.** (6 Div. 202.)

(Court of Appeals of Alabama. June 26, 1923.)

**1. Licenses 42(3)—Indictment for violating Blue Sky Law held sufficient.**

An indictment charging a violation of the Blue Sky Law of October 1, 1920, by alleging in the language of the statute that defendant sold or offered for sale, by means of an advertisement, circular, or prospectus, or by other form of public offering, speculative securities, describing them, without first having obtained a permit, is sufficient.

**2. Licenses 18½, New, vol. 12A Key-No. Series—Blue Sky Law does not apply to private sales of securities.**

Under Blue Sky Law Oct. 1, 1920, § 2, making a sale of speculative securities without a permit by means of an advertisement, circular, or prospectus, or by any other form of public offering an offense, a private sale or offer to sell is not illegal, since the act does not apply if the sale or offer for sale is made without the employment of any of the inhibited means.

**3. Criminal law 1090(14, 16)—Rulings on charges and motion for new trial not reviewed in absence of bill of exceptions.**

Where the appeal from a conviction for crime is upon the record proper without bill of exceptions, the appellate court is without authority to review the denial of the motion for new trial or the refusal of charges requested by accused.

Appeal from Circuit Court, Jefferson County; H. P. Heflin, Judge.

G. M. Raynard, alias F. S. Wells, was convicted of violating the Blue Sky Law, and appeals. Affirmed.

The third count of the indictment is as follows:

"The grand jury of said county further charge that, before the finding of this indictment and subsequent to the 1st day of October, 1920, G. M. Raynard, whose Christian name is to the grand jury unknown, alias F. S. Wells, whose Christian name is to the grand jury unknown, did, contrary to law, sell, or offer to sell, in this state, by means of an advertisement, circulars, or prospectus, or by other form of public offering, speculative securities, to wit, contracts for the future delivery of shares of the capital stock, or capital stock, of the Mortgage & Funding Company, whose name is otherwise to the grand jury unknown, and, further, whether said company be a corporation, a stock company, an unincorporated association, a partnership, or an individual, being to the grand jury unknown, without there first having been issued unto said company, by the president of the State Securities Commission of Alabama, a permit to sell, or offer for sale, in this state, said securities, as is required by the statutes in such cases made and provided."

Percy G. Gellert, of Birmingham, for appellant.

No brief reached the Reporter.

Harwell G. Davis, Atty. Gen., and Lamar Field, Asst. Atty. Gen., for the State.

There is no bill of exceptions, and for that reason the motion for new trial and refusal of charges cannot be reviewed. Holmes v. State, 17 Ala. App. 631, 88 South. 194.

FOSTER, J. The defendant was charged with the violation of the act approved October 1, 1920. Said act is entitled "An act, to amend an act entitled, an act to prevent frauds and impositions upon the people of the state and to protect investors," etc. This legislative enactment is commonly called the "Blue Sky Law." Laws 1920, p. 60.

The indictment contained eight counts, each of which charged in the language of the statute that the defendant did sell, or offer for sale in this state by means of an advertisement, circulars, or prospectus, or by other form of public offering, speculative securities, etc., without first having obtained a permit as is required by the statutes in such cases made and provided.

[1, 2] The indictment was sufficient, for in order to constitute a violation of the statute in question the selling or offering for sale of any speculative securities defined in section 2 of said act, such selling or offering for sale must be by means of an advertisement, circular, or prospectus, or by any other form of public offering, without having obtained a permit so to do from the Public Service Commission as the law requires. It is clear from the provisions of said act, supra, that unless the selling or offering for sale is accomplished by one or all of the means designated, that is, by advertising said speculative securities, or by circulars or prospectus or some other form of public offering, then said act does not apply, and if the speculative securities are sold or offered for sale without the employment of any of the inhibited means, supra, the act in question is not violated and no permit from the Public Service Commission is required or necessary. In other words, if the selling or offering for sale of a speculative security is done by private sale or by privately offering for sale, the Blue Sky Law of this state has no application to such private sales or private offer to sell, for the statute is directed *only* to the sale or offer to sell speculative securities, *by means of any advertisement, circulars or prospectus*, or by any other form of *public offering*.