(101 So. 91)

### ROWE v. STATE. (6 Div. 438.)

(Court of Appeals of Alabama. June 30, 1924.)

**1. Criminal law ⊛⇒719(1)—Statement of solicitor founded on no evidence held reversible error.**

In prosecution for violation of the prohibition laws, in which the only testimony relating to a still was that witnesses had found locked up in a trunk a copper worm to a still and some connections, a statement by the solicitor in the hearing of the jury that accused had a whisky still in his house, in view of accused's timely motion to exclude it, was reversible error.

**2. Criminal law ⊛⇒728(2)—Statement of solicitor founded on no evidence should have been remedied by court of its own accord.**

In a prosecution for violation of the prohibition laws, a statement of the solicitor, founded on no evidence, that the accused had a still in his house, should have been remedied by the court of its own accord.

Appeal from Circuit Court, Jefferson County; J. C. B. Gwin, Judge.

Dock Rowe was convicted of violating the prohibition law, and appeals. Reversed and remanded.

Mathews & Mathews, of Bessemer, for appellant.

The argument of the solicitor was improper. Berry's Case, 10 Ga. 511; B. R., L. & P. Co. v. Drennen, 175 Ala. 349, 57 South. 876, Ann. Cas. 1914C, 1037.

Harwell G. Davis, Atty. Gen., and Lamar Field, Asst. Atty. Gen., for the State.

The record is free from error.

BRICKEN, P. J. [1, 2] The statement made by the solicitor to the court in the presence and hearing of the jury, "Why, if the court please, he had a whisky still in that house at that time," was wholly improper, unauthorized, and highly prejudicial, and was not borne out by any of the testimony adduced upon this trial. The testimony of the state witnesses was to the effect that they found locked up in a trunk a copper worm to a still and some connections. This was all the testimony relating to "a still," and the statement by the solicitor, above quoted, was of a substantive outside fact—stated as a fact—and bore directly upon the material inquiry before the jury, and the action of the court in permitting this statement to stand, by overruling defendant's timely motion to exclude same, of itself necessitates a reversal of the judgment appealed from. The exception reserved in this connection is well taken. In fact, it was the duty of the court of its own accord to have taken decisive steps not to allow the defendant's case to have been thus burdened, for it is incumbent upon the court to see that a defendant is tried according to the law and the evidence, and the court should certainly not jeopardize the defendant's constitutional right to a fair and impartial trial, by countenancing or permitting facts not in evidence to be stated as being in evidence, even if the statement is made by so high and important an officer of court as the solicitor who represents the state, and holding as he does the power and wielding the great influence of that office.

In Cross v. State, 68 Ala. 476, the Supreme Court quoted with warm approval an extract from an opinion by Ryan, C. J., of the Supreme Court of Wisconsin, in the case of Brown v. Swineford, 44 Wis. 282, 28 Am. Rep. 582. The opinion was rendered nearly fifty years ago, but its strong, terse, eloquent language relating to the high mission of attorneyship, is still pertinent, and in our opinion it will not be amiss to quote from same to the following extent:

"The profession of the law is instituted for the administration of justice. The duties of the bench and bar differ in kind, not in purpose. The duty of both alike is to establish the truth and to apply the law to it. It is essential to the proper administration of justice, frail and uncertain at the best, that all that can be said for each party, in the determination of fact and law, should be heard. Forensic strife is but a method, and a mighty one, to ascertain the truth and the law governing the truth. It is the duty of counsel to make the most of the case which his client is able to give him; but counsel is out of his duty and his right, and outside of the principle and object of his profession, when he travels out of his client's case and assumes to supply its deficiencies. Therefore is it that the nice sense of the profession regards with such distrust and aversion the testimony of a lawyer in favor of his client. It is the duty and right of counsel to indulge in all fair argument in favor of the right of his client; but he is outside of his duty and his right when he appeals to prejudice irrelevant to the case. Properly, prejudice has no more sanction at the bar than on the bench. But an advocate may make himself the alter ego of his client, and indulge in prejudice in his favor. He may even share his client's prejudices against his adversary, as far as they rest on the facts in his case. But he has neither duty nor right to appeal to prejudices, just or unjust, against his adversary, dehors the very case he has to try. The very fullest freedom of speech within the duty of his profession should be accorded to counsel; but it is license, not freedom of speech, to travel out of the record, basing his argument on facts not appearing, and appealing to prejudices irrelevant to the case and outside of the proof. It may sometimes be a very difficult and delicate duty to confine counsel to a legitimate course of argument. But, like other difficult and delicate duties, it must be performed by those upon whom the law imposes it. It is the duty of the circuit courts, in jury trials, to

interfere in all proper cases of their own motion. This is due to truth and justice. And if counsel persevere in arguing upon pertinent facts not before the jury, or appealing to prejudices foreign to the case in evidence, exception may be taken by the other side, which may be good ground for a new trial, or for a reversal in this court."

If prosecuting attorneys and counsel employed in the defense would guard their utterances and regulate their conduct in the trial of a case as outlined in above excerpt of the opinion, few if any cases would be reversed on appeal because of improper, erroneous, or mistaken conduct upon the part of counsel.

From what has been said it may appear unnecessary to go further in this opinion, but it does appear to this court that the testimony as shown by this record is barely sufficient to meet the burden resting upon the state, which is to prove the guilt of the defendant, as to the crime charged, to the satisfaction of the jury beyond a reasonable doubt and to a moral certainty. Certainly there was no evidence to sustain the first count of the indictment, and to this count the defendant was manifestly entitled to the affirmative charge. As to the second count, the sufficiency of the evidence is very doubtful, the question of the possession of the trunk by defendant being vague and uncertain and resort to suspicion or conjecture is necessary to so ascertain, ignoring the testimony of the defendant entirely.

The judgment is reversed, and the cause remanded.

Reversed and remanded.