WALTON *v.* STATE.*

(Division A.   May 9, 1927.)

[112 So. 601.   No. 26300.]

1. CRIMINAL LAW. *Improper argument, relative to defendant's son assaulting state witness and asking that negro defendant be sent out of county to protect white boys, held to require reversal.*

   In prosecution for sale of intoxicating liquor, improper argument of prosecuting attorney, to effect that defendant's son had assaulted witness for state and asking that negro defendant be sent out of county for protection of white boys who purchased whisky from her, *held* to require reversal.

2. CRIMINAL LAW. *Trial should be confined to merits of issue involved.*

   Trial should be confined to merits of issue involved, and not to prejudicial, extraneous, and inflammatory matter *aliunde* the record.

---

*Corpus Juris-Cyc References: Criminal Law, 16CJ, p. 886, n. 82; p. 897, n. 93; p. 899, n. 4; p. 909, n. 46; 17CJ, p. 300, n. 41, 43. As to misstatement of facts, or statement of facts not in evidence, by counsel in argument to jury, as ground for reversal, see annotation in L. R. A. 1918D, 6 et seq. 2 R. C. L. 426 et seq., 1 R. C. L. Supp. 531.

APPEAL from circuit court of Forrest county.

HON. R. S. HALL, Judge.

Susie Walton was convicted for sale of intoxicating liquor, and she appeals. Reversed and remanded.

*Haralson & Hall,* for appellant.

The language used by the county attorney as set forth in the special bill of exceptions was highly prejudicial and calculated to inflame the jury and is reversible error.

a. In the argument of the county attorney unjustifiable aspersions were cast upon the character of the appellant and the conduct of her domestic affairs. *Long* v. *State,* 81 Miss. 453, 32 So. 224; *Beard* v. *State,* 95 So. 333.

b. The remarks of the prosecuting counsel contain matter not only highly detrimental to an unbiased consideration by the jury of the appellant's case, but was also tainted with an appeal to race prejudice. *Johnson* v. *State,* 102 So. (Ala.) 897; *State* v. *Brown,* 86 So. (La.) 912; *Funces* v. *State,* 87 So. (Miss.) 487; *Hardaway* v. *State,* 54 So. (Miss.) 833.

c. The remarks objected to were not sustained by the evidence, would have been wholly incompetent and inadmissible had the state attempted to introduce such evidence, were substantially prejudicial, and, therefore, constituted reversible error. *Darby* v. *State,* 84 So. (Miss.) 6; *Collins* v. *State,* 56 So. (Miss.) 527; *Bufkin* v. *State,* 98 So. (Miss.) 455; *Evans* v. *State,* 98 Miss. 697, 54 So. 154; *Sykes* v. *State,* 89 Miss. 766, 42 So. 875; *Martin* v. *State,* 63 Miss. 505; *Clinton* v. *State,* 43 So. (Fla.) 312; *Johnson* v. *State,* 102 So. (Fla.) 549; 16 C. J., page 897, section 2242 (3).

*James W. Cassedy, Jr.,* Special Agent, for the state.

Counsel for appellant contend that certain remarks made by the county attorney in his argument to the jury constitute reversible error, as shown by the special bill

of exceptions. We admit that the language used is ob-
.jectionable; but we do not think it constitutes reversible
error. There was no ruling of the court on the objection
made by counsel for appellant. The record does not
show that counsel called upon the court to exclude these
remarks or to stop the county attorney from making
them, other than to make his objection. Counsel made
no request for a mistrial to be entered but took advan-
tage of a possible acquittal and then raised the question,
first on a motion for a new trial and now in their brief.
See *Hughey* v. *State,* (Miss.), 106 So. 361; *Shows* v.
*State,* 103 Miss. 640, 60 So. 726; *Cavahan* v. *State,* 56
Miss. 300.

If counsel sat there and listened to these remarks and
considered them so highly prejudicial and harmful to
the appellant, as he argues in his brief, it seems to us
that he would have objected and demanded a ruling of
the court; and if further action was necessary, that he
would have requested a mistrial to be entered and a new
jury to be empaneled. *Cotton* v. *State,* 100 So. 383.

McGOWEN, J., delivered the opinion of the court.

The appellant, Susie Walton, was convicted of the un-
lawful sale of intoxicating liquor in the circuit court of
Forrest county, and sentenced to pay a fine of two hun-
dred and fifty dollars and to be confined to the county
jail for ninety days, from which verdict and sentence
imposed she prosecutes this appeal.

The evidence for the state sustained the allegations of
the indictment, while that of the appellant and her wit-
nesses, if believed, demonstrated her innocence. We do
not think any error was committed by the court in the
course of the trial nor in the instructions by the court,
except as to the argument of the county prosecuting at-
torney. We find it necessary to reverse the case because
of his improper argument. The appellant objected to
this argument strenuously, but the court made no re-

sponse to his objection. A special bill of exceptions was taken by appellant to this argument, which is as follows:

"Be it remembered that there was begun and held at a term of the circuit court of Forrest county, Miss., being part of the Twelfth judicial district of Mississippi, on the 11th day of October, 1926; present and presiding were Hon. R. S. HALL, judge, ALEXANDER CURRIE, district attorney, Forrest M. Morris, county attorney, J. S. Garraway, clerk, and H. C. Norsworthy, sheriff; among other cases tried in said term was that of the *State of Mississippi* v. *Susie Walton* on a charge of unlawfully selling intoxicating liquor; that during the trial of said cause, after the evidence was all in, and during the argument of counsel, the said Forrest M. Morris, county attorney, in the presence of and to the jury, and in open court, during the course of his argument for the state, said:

" 'This, is the most important case to come before the court and jury this term. White boys can go to Susie Walton's house and get whisky, and you men owe it to the white boys of Forrest county to put this negro woman away from here.'

" 'You will hear more about Son Walton, in the case in which he will be tried for assault and battery with intent to kill Leonard Bolton, who testified against his mother in this case. He is the son of this negro woman, and naturally assists his mother in every way he can, even to the murderous assault upon any witness who may come into court and testify against her. I say, Gentlemen, that it is a dangerous situation we are facing when a witness is brought into court by a process of law and then brutally assaulted and almost brained because he testified against this woman in the trial in the justice court. I repeat that this is the most important case to be tried this term, and I beseech you to send Son Walton and his mother, Susie Walton, away from this community. I say that the Walton dive is the dirtiest dive in Forrest county, and should be cleaned out.'

"To all the foregoing counsel for the defendant arose and strenuously objected to such words from the county attorney, when there was nothing in the record to support such accusations. To this the county attorney replied by telling the counsel for the defendant to prepare his bill of exceptions and to disturb him no more. Thereupon the defendant appealed to the court. To these objections the court made no response, but permitted counsel for the defendant to take the exceptions, and counsel for the defendant did take this, his bill of exceptions, and tendered same to Hon. R. S. Hall, the circuit judge presiding in said cause, which said exceptions were allowed, signed, and approved and made a part of the proceedings in said cause, on this, the 13th day of November, A. D. 1926.

"ROBT. S. HALL, Judge."

It will be observed that the county prosecuting attorney was admonished to desist by counsel for appellant, but, upon no ruling from the court in response to his strenuous objection on behalf of the appellant, the prosecuting attorney told counsel for appellant to prepare his bill of exceptions and disturb him no more. It will also be observed that an appeal was made by the prosecuting attorney for the appellant to be sent out of the county on behalf and for the protection of the white boys of Forrest county; also that the county prosecuting attorney proceeded to charge appellant's son with assault and battery with intent to kill Leonard Bolton, the principal witness for the state, and, with other facts which should have been argued in the trial of the assault case against the son—all of which charges were improper in the highest degree. There was nothing in the record that warranted any of the statements made by the prosecuting attorney, and the signing of the bill of exceptions by the judge shows there was nothing in the record to support the accusations.

The prosecuting attorney has no more right than the humblest citizen in the state to violate the law. The de-

nunciations, quoted above, were calculated to inflame the minds of the jurors, and unfairly wrest from them a verdict influenced by the statements of the prosecuting attorney regarding the details of another defendant's case. A prosecuting attorney must be fair to his adversary. A conviction secured by unfairness cannot be tolerated. We can hardly imagine anything more unfair than the above sample of inflammatory, forensic denunciation. We are not unmindful of the fact that one who sells intoxicating liquors holds the Constitution in contempt and tramples under foot the laws of the state; he betrays the law for silver and gold. Judas Iscariot and Benedict Arnold did likewise, but, if either were put on trial in Mississippi, the evidence and argument should be confined to the charge preferred. A trial should be confined to the merits of the issue involved, and not to be prejudicial, extraneous, and inflammatory matter *aliunde* the record.

The statement of the prosecuting attorney in this case was an unsworn statement of facts, prejudicial to the cause of the defendant on trial. All of the statements with reference to the facts in the assault on the state's witness by the appellant's son were unproved statements, which were not in the evidence and could not have been introduced if they had been proffered. *Martin* v. *State,* 63 Miss. 505, 56 Am. Rep. 813; *Sykes* v. *State,* 89 Miss. 766, 42 So. 875; *Evans* v. *State,* 98 Miss. 697, 54 So. 154, Ann. Cas. 1913B, 257; *Collins* v. *State,* 100 Miss. 435, 56 So. 527; *Darby* v. *State,* 121 Miss. 869, 84 So. 6; *Bufkin* v. *State,* 134 Miss. 116, 98 So. 455; *Rowe* v. *State,* 20 Ala. App. 119, 101 So. 91. In the case of *Rowe* v. *State, supra,* an excerpt from the opinion of *Brown* v. *Swineford,* 44 Wis. 282, 28 Am. Rep. 582, rendered more than a half century ago, was cited, in which opinion is an apt statement relating to the mission of every lawyer who appears as an officer of the court; and we commend to every attorney a careful reading of this excerpt, as we think there would be fewer reversals if

prosecuting attorneys would recognize the delicate duty and the exalted responsibility they assume. The excerpt is as follows:

"The profession of the law is instituted for the administration of justice. The duties of the bench and bar differ in kind, not in purpose. The duty of both alike is to establish the truth and to apply the law to it. It is essential to the proper administration of justice, frail and uncertain at the best, that all that can be said for each party, in the determination of fact and law, should be heard. Forensic strife is but a method, and a mighty one, to ascertain the truth and the law governing the truth. It is the duty of counsel to make the most of the case which his client is able to give him; but counsel is out of his duty and his right, and outside of the principle and object of his profession, when he travels out of his client's case and assumes to supply its deficiencies. Therefore is it that the nice sense of the profession regards with such distrust and aversion the testimony of a lawyer in favor of his client. It is the duty and right of counsel to indulge in all fair argument in favor of the right of his client; but he is outside of his duty and his right when he appeals to prejudice irrelevant to the case. Properly, prejudice has no more sanction at the bar than on the bench. But an advocate may make himself the *alter ego* of his client, and indulge in prejudice in his favor. He may even share his client's prejudices against his adversary, as far as they rest on the facts in this case. But he has neither duty nor right to appeal to prejudices, just or unjust, against his adversary, *dehors* the very case he has to try. The very fullest freedom of speech within the duty of his profession should be accorded to counsel; but it is license, not freedom of speech, to travel out of the record, basing his argument on facts not appearing, and appealing to prejudices irrelevant to the case and outside of the proof. It may sometimes be a very difficult and delicate duty to confine counsel to a legitimate course of argument. But, like

other difficult and delicate duties, it must be performed by those upon whom the law imposes it. It is the duty of the circuit courts, in jury trials, to interfere in all proper cases of their own motion. This is due to truth and justice. And, if counsel persevere in arguing upon pertinent facts not before the jury, or appealing to prejudices foreign to the case in evidence, exception may be taken by the other side, which may be good ground for a new trial, or for a reversal in this court.''

In this case, the court should have acted promptly in sustaining the strenuous objection made by counsel for appellant, and should have prevented, as far as lay in its power, the jury from considering any such argument. But the court was silent; and, for the error in permitting such argument, we must reverse this case.

*Reversed and remanded.*