155 So. 719

## HARDEN v. STATE.
### 4 Div. 994.

Court of Appeals of Alabama.
Dec. 19, 1933.

Rehearing Denied March 20, 1934.

Thos. E. Knight, Jr., Atty. Gen., and Jas. L. Screws, Asst. Atty. Gen., for the State.

Brassell & Rowe, of Troy, for appellant.

BRICKEN, Presiding Judge.

This appellant was indicted for rape. The alleged injured party was Florria Harden, who the evidence disclosed was his own daughter, a girl about the age of 16 years, and upon her evidence the state relied for a conviction.

Upon conviction for rape the law makes it the express and sole duty of the jury, in its discretion, to fix the punishment, Code 1923, § 5407; and in charging the jury in this case the learned trial judge correctly stated the law in this connection.

The jury, however, disregarded the court's instructions and returned into court the following verdict, to wit: "We, the jury, find the defendant guilty as charged in the indictment." The court received this verdict of the jury on November 17, 1932, and the jury, which had been selected from a special venire, as the law requires, were dispersed. On November 18, 1932, the court passed sentence upon appellant and fixed his punishment at imprisonment in the penitentiary for a term of ten years.

The language of the statute, supra, very clearly expresses the legislative purpose that the punishment in cases of this character shall be fixed by the jury, and it has never been supposed that the jury might in such cases leave the punishment to the court. The court, therefore, has no discretion in affixing the punishment and it transcended its authority in so doing. Error to a reversal must be held in this connection. Hawes v. State, 19 Ala. App. 280, 97 So. 114; Bates v. State, 170 Ala. 26, 54 So. 432; Washington v. State, 125 Ala. 40, 28 So. 78.

It might and should be stated, however, that the defect in the verdict and the erroneous sentence of the court thereon do not entitle the defendant to his discharge as for having been once put in jeopardy, but constitutes simply reversible error. Washington v. State, supra; Cobia v. State, 16 Ala. 781; Brown v. State, 109 Ala. 76, 20 So. 103.

We are urged by the state to invoke Supreme Court Rule 45, upon the theory that as the court fixed the minimum punishment the defendant was in nowise prejudiced. This we cannot do, upon authority of Brown v. State, supra. As stated, the statute peremptorily requires the jury to ascertain and fix the punishment by its verdict, and in cases of this character, if this is not done, the court has no power to render judgment at all.

Other questions are presented, but the points of decision thus involved have been, in numerous decisions, heretofore decided by the appellate courts of this state, and it would serve no good purpose to discuss them further.

For the error indicated the judgment of conviction from which this appeal was taken is reversed, and the cause remanded.

Reversed and remanded.

## On Rehearing.

The opinion heretofore rendered in this case was upon the record submitted, and the point of decision discussed being conclusive, no other question was considered. We are now informed, by the Attorney General, on his application for rehearing and motion, that the record was incorrect as to the verdict of the jury; that the verdict as a matter of fact was regular in all things and the punishment was fixed by the jury, and not by the court, as the law requires; and we are now requested to set aside the order reversing and remanding this case, and also to issue a certiorari to the clerk of the court below commanding that he send to this court a true and correct transcript thus curing the error upon which the reversal was based.

Pending final disposition of a cause, the appellate courts may issue such orders or writs as are necessary to perfect the record so as to make it speak the truth, as it is the duty of the appellate courts to correct real errors committed by inferior courts in the trial of cases before them upon correct transcripts of the record and proceedings had upon the trial, and it is the duty of appellant to see that the transcript is correct. If, after submission, it is made known to the appellate courts that the transcript as submitted is not correct in a material particular in a proper case, the submission may be set aside, and proper orders made to bring up the correct record. However, courts will not do a useless thing; hence the motion, supra, of the Attorney General will be denied for the reason it

appears from other adverse rulings of the trial court the cause must be reversed and remanded as will be discussed hereinafter. If said other erroneous rulings did not appear, this court would promptly grant the motion, for a trial judge should not and will not be put to error where, in fact, no error was committed, if the question is properly presented for review.

■ Upon a further consideration of this case, we find that the trial court, before the day set for the trial of this (capital) case, and without the knowledge or consent of the defendant, excused certain jurors from the special venire drawn to try this case. On the day set for the trial motion was made to quash the special venire upon these grounds, the motion was overruled, and defendant duly excepted. This ruling of the court was error. The following cases are direct authority and conclusive of this question; there is no necessity to elaborate upon or to discuss the point, as by mere reference to these cases a full discussion by the Supreme Court may be noted: Spooney v. State, 217 Ala. 219, 115 So. 308; Stinson v. State, 223 Ala. 327, 135 So. 571.

■■ Appellant complains that the court erred in restricting his examination of his witness Dr. Kirklin, to whom he propounded a hypothetical question; the witness being an expert and testifying only as such. The general rule as to this is correctly stated in the case of Douglass v. State, 21 Ala. App. 289, 107 So. 791, and is in effect that an expert witness may give an opinion upon relevant matters under inquiry and may base such opinion solely upon a hypothetical question without any personal knowledge of the matter inquired about. The rule also provides that such hypothetical question should properly embrace substantially only the facts in evidence relating to the matter under inquiry and not contain matter as to which there is no evidence tending to support it. In the ruling here complained of we think the court followed substantially the rule stated and hence no error prevailed. We note that this witness was allowed to testify as to the resultant effects of the rupturing of the hymen;

that hemorrhage would follow also as the normal amount of bleeding such act would entail. It was, as stated by the court, a question for the jury to say, under all the testimony bearing on this question, "whether the bed would be soiled in any way."

On the question of complaint by injured party, which is the next proposition discussed by appellant, we refer to the case of Gaines v. State, 167 Ala. 70, 52 So. 643, where the rule of evidence incident to this insistence is quite plainly stated, and should be followed by the court upon another trial of this case.

■ In his closing argument to the jury the solicitor, we think, went beyond the legitimate confines of argument when he made the statement: "This is a fifteen year old girl, of tender years, that had no home, no place for her to eat and sleep, and no one to go to." This statement was not based upon any of the evidence adduced upon the trial of this case. It was a direct appeal to the prejudice and undue sympathy of the jury and, being unauthorized, it was calculated to erroneously affect the substantial rights of the accused. Rowe v. State, 20 Ala. App. 119, 101 So. 91, 92. In the Rowe Case the rule in this connection is stated as follows: "It is the duty of counsel to make the most of the case which his client is able to give him; but counsel is out of his duty and his right, and outside of the principle and object of his profession, when he travels out of his client's case and assumes to supply its deficiencies. * * * It is the duty and right of counsel to indulge in all fair argument in favor of the right of his client; but he is outside of his duty and his right when he appeals to prejudice irrelevant to the case."

We think the court should have granted defendant's motion for a new trial and the failure to do so was erroneous.

The motion is denied for the reasons stated. The judgment of conviction from which this appeal was taken will remain reversed, and the cause remanded.

Opinion extended. Application for rehearing by the state overruled.