# Washington *v.* The State.

## *Indictment for Murder.*

1. *Trial and its incidents; giving of abstract charge not cause for reversal.*—The giving of a charge which asserts a correct proposition of law in a criminal case, even though abstract when applied to the particular case, does not warrant a reversal of the judgment of conviction.

2. *Homicide; charge erroneous which instructs the jury to find the defendant guilty of murder.*—Where on a trial under an indictment for murder, the evidence shows without conflict that the defendant was without fault in bringing on the difficulty, and retreated in the face of apparent peril before the fatal shot, a charge which instructs the jury that if they believe a certain part of the evidence they must find the defendant guilty of murder, is properly refused as being erroneous and invasive of the province of the jury.

3. *Same; charge to the jury.*—On a trial under an indictment for murder, where the undisputed evidence shows that the defendant was without fault in bringing on the difficulty, and after doing what he could to avoid the encounter, which was precipitated by the deceased, he retreated in the face of apparent peril, and there was evidence tending to show that the pistol of the deceased was knocked from his hands before the defendant shot him, but the defendant testified that at the time he shot, the deceased was stabbing him with a knife, a charge is erroneous and properly refused which instructs the jury that "notwithstanding the deceased may have been at fault in bringing on the difficulty, the law gave the defendant no right to shoot him, if you believe from the evidence beyond a reasonable doubt that the defendant shot the deceased after the deceased was unarmed."

4. *Same; same.*—On a trial under an indictment for murder, where the uncontradicted evidence is that the defendant was

without fault in bringing on the difficulty, and that he re-
treated in the face of apparent peril, a charge which instructs
the jury "if they believe the evidence in the case, the de-
fendant was free from fault in bringing on the difficulty,"
should be given at the request of the defendant.

*Trial and its incidents; judgment and verdict in trial for mur-
der.*—Under the statute which requires that on a trial under
an indictment for murder, if the jury find the defendant
guilty they shou.d ascertain by their verdict whether it was
murder in the first or second degree, and if they find him
guilty of murder in the second degree they should affix the
punishment at not less than ten years in the penitentiary
(Cr. Code, § § 4857, 4858), a verdict which reads: "We the
jury find the defendant guilty of murder in the second de-
gree," without affixing the punishment, is defective; and a
judgment of conviction rendered thereon and a sentence to
ten years imprisonment in the penitentiary is erroneous; but
such defective verdict and erroneous judgment does not au-
thorize a discharge of the defendant, but simply warrants a
reversal of said judgment.

APPEAL from the Circuit Court of Washington.

Tried before the Hon. A. H. ALSTON.

The appellant in this case was indicted and tried for
the murder of one Bob White, was convicted of murder
in the second degree, and sentenced to the penitentiary
for ten years.

The evidence for the State showed that while the de-
fendant was in the house of a friend, Bob White came
up to him and drawing his pistol and putting it in the
defendant's face, took the defendant to task about some-
thing he heard the defendant had said about him; that
upon the defendant denying it, a quarrel ensued, in
which the defendant asked White to let him alone, stat-
ing that he did not want any trouble; that White tried
to take away from the defendant his pistol, which was
in the breast pocket of his coat; that friends interfered
and that as the defendant went from the room, Bob
White followed him and that a few moments afterwards,
the defendant shot him.

There was evidence tending to show that shortly after
White was shot, he came back into the room and stated
that he had been shot by the defendant, and the defend-

ant followed him in there carrying his pistol and that of the deceased. There was other evidence tending to show that in a quarrel between the deceased and the defendant, which occurred after they left the room where the quarrel commenced, the defendant disarmed the deceased and then shot him.

The evidence for the defendant tended to show that upon his leaving the room where the quarrel had taken place, the deceased followed him with a knife in one hand and a pistol in the other, and that as he got him cornered, he was stabbing him with a knife when he fired the fatal shot.

The defendant separately excepted to the following portions of the court's oral charge to the jury: (1) "Before a person can take the life of an assailant, he must be in a position where he can not retreat without increasing danger to his life or subjecting himself to great bodily harm. And if he can retreat without so increasing his danger to life or great bodily harm, he can not successfully invoke the doctrine of self-defense." (2) "If you believe that the defendant had both pistols at the time he fired the fatal shot, and the deceased was disarmed and defendant knew it, then this defendant would be guilty of murder in the first degree."

At the request of the solicitor for the State, the court gave to the jury the following written charges: (A.) "I charge you, gentlemen of the jury, that if you believe from the evidence in this case beyond a reasonable doubt that the defendant shot and killed Bob White after the defendant had disarmed Bob White, and had the advantage over him and knew it, then the defendant would be guilty of murder, and it would be your duty to so find." (B.) "I charge you that notwithstanding the deceased may have been at fault in bringing on the difficulty, the law gave the defendant no right to shoot him, if you believe from the evidence beyond a reasonable doubt that the defendant shot deceased after deceased was unarmed." The defendant separately excepted to the giving of each of these charges, and also separately excepted to the court's refusal to give the following charge requested by him: (1.) "The court charges the jury that

[Washington v. The State.]

if they believe the evidence in this case the defendant was free from fault in bringing on the difficulty."

CHAS. L. BROMBERG, JR., for appellant.—A person assaulted can act on the reasonable appearance of things in defending himself.—*Finch v. State,* 81 Ala. 50; *Sullivan v. State,* 102 Ala. 135.

The court had no right or authority to sentence the defendant for ten years in the penitentiary as was done in this case.—Const. Art. I, § 10; Code of 1896, § 4858. No time of imprisonment is fixed, and this is the exclusive province of the jury.—*Evans v. State,* 109 Ala. 24; Code of 1896, § 4858.

The case of *Dover v. State,* 75 Ala. 40, is not in point, as in that case the punishment was fixed and the verdict was formally incorrect. The verdict is absolutely lacking in essentials and the jury were, therefore discharged without bringing in a verdict, and the prisoner is entitled to be discharged. —*Foster v. State,* 88 Ala. 185, and therein cases cited.

CHAS. G. BROWN, Attorney-General, for the State, cited *Martin v. State,* 119 Ala. 1; *Hughes v. State,* 117 Ala. 29; *Stilwell v. State,* 107 Ala. 16.

HARALSON, J.—1. The evidence tends to show without conflict, that the defendant, without fault in bringing on the difficulty, did what he could to avoid it when precipitated on him by deceased, and retreated in the face of apparent peril. That part of the general charge of the court to the jury first excepted to, states generally, a correct proposition of law on the doctrine of retreat. If abstract when applied to the facts of this case, adhering to the rule in respect to the giving or refusing to give abstract charges, we would not reverse on account of this charge.

2. The second part of the oral charge is fatally erroneous. It was for the jury to find, under all the evidence in the cause, whether the defendant was guilty of any offense or not, and if guilty, to ascertain the degree of his guilt,—whether of murder in the first or sec-

ond degree, or of manslaughter in the first degree, which this charge took away from them. The fact that defendant was found guilty of murder in the second degree does not cure, as urged, this vice of the charge.— *Brown v. The State*, 109 Ala. 76; *Cobia v. The State*, 16 Ala. 781.

What is said as to this charge, goes in condemnation, also, of charge A requested by and given for the State.

Charge B did not hypothesize that defendant at the time he shot deceased knew that he was unarmed. Besides, there is no proof to show that deceased had been disarmed of the knife, the evidence tended to show he had, and was using at the time on defendant. It should have been refused.

The charge numbered 1 requested by the defendant should have been given. The evidence shows without conflict, as we have before stated, that the fact hypothesized in this charge was true. If so, it should have been given.

3. The verdict of the jury was: "We the jury find the defendant guilty of murder in the second degree." The court received the verdict and sentenced the defendant to ten years imprisonment in the penitentiary. Sections 4857, 4858 of the Code, require the jury, if they find the defendant guilty under an indictment for murder, to ascertain by their verdict, whether it is murder in the first or second degree, and if they find him guilty of murder in the second degree, the duty is imposed on them, to affix the punishment, at not less than ten years. The court has no discretion in affixing the punishment in such case, and it transcended its authority in so doing. The defect in the verdict and the sentence of the court thereon do not entitle the defendant to his discharge as for having been once in jeopardy, as contended by defendant's counsel, but constitute simply reversible error. The verdict was incomplete or irregular, and not void. This court has heretofore fully considered and decided this question, relieving us from its further consideration.—*Cobia v. The State*, *supra; Dover v. The State*, 75 Ala. 40; *Gunter v. The State*, 83 Ala. 96, 104; *Foster*

*v. The State,* 88 Ala. 182; *Zaner v. The State,* 90 Ala. 651.

The judgment and sentence of the lower court are reversed and the cause remanded.