# Bates *v.* The State.

### *Manslaughter.*

(Decided* Jan. 17, 1911. 54 South. 432.)

*Homicide; Second Degree Manslaughter; Punishment.*—One convicted of manslaughter in the second degree is entitled to have the jury fix the punishment as, the provisions of section 7092, construed in connection with section 7623, (both code 1907) requires that the jury fix the punishment and not the court.

APPEAL from Lowndes Circuit Court.

Heard before Hon. J. C. RICHARDSON.

Fielder, alias Felder Bates, was convicted of manslaughter in the second degree, and he appeals. Reversed and remanded.

ALEX D. PITTS, for appellant. The court erred in directing the jury not to fix a punishment in the event they found the defendant guilty of manslaughter in the second degree, and consequently erred in fixing it him-

self.—Sec. 7092, Code 1907; *Bankhead v. The State,* 124 Ala. 18; *Washington v. The State,* 125 Ala. 44.

ALEXANDER M. GARBER, Attorney General, for the State.

SAYRE, J.—Defendant was convicted of manslaughter in the second degree. The jury, acting within the court's instructions, declined to fix the punishment, but left that for the court. The court sentenced defendant to hard labor for the term of one year. In this the court transcended its authority and committed reversible error. The punishment should have been assessed by the jury.

Section 7092 of the Criminal Code of 1907 provides that: "Any person who is convicted of manslaughter in the first degree must, at the discretion of the jury, be imprisoned in the penitentiary for not less than one nor more than ten years, and any person who is convicted of manslaughter in the second degree must, at the discretion of the jury, be imprisoned in the county jail, or sentenced to hard labor for the county, for not more than one year, and may also be fined not more than five hundred dollars." This language is plain, and requires that any person convicted of manslaughter in the second degree shall be punished by imprisonment in the county jail, or sentenced to hard labor for the county, and that the jury shall fix the term of the punishment within the limit of one year. Identical language is used in prescribing the punishment for manslaughter in the first degree, and much the same in respect to the punishment for murder in the first and second degree. It has never been supposed that the jury might in such cases leave the amount of the punishment to be fixed by the court. This court held, in *Bankhead v. State,* 124 Ala. 14, 26 South. 979, that in all

cases of unlawful homicide the punishment must be fixed by the jury trying the case, and that the court could not relieve the jury of that responsibility.

It is stated by counsel that the court below was influenced by a supposed analogy to the case of petit larceny. In that case the statute (section 7325 of the Code) provides that, on conviction, the defendant "must be imprisoned in the county jail, or sentenced to hard labor for the county, for not more than twelve months, and may also be fined not more than five hundred dollars, at the discretion of the jury." A statute of general application (section 7623) requires that "when an offense is punishable by imprisonment in the penitentiary, or hard labor for the county, the court must impose the term of imprisonment, unless the power is expressly conferred on the jury." The ruling heretofore has been that the discretion of the jury provided for in section 7325 relates to the matter of superadding a money fine (*Lacey v. State,* 58 Ala. 385), and hence that the jury has no authority to fix the term under that section (*Moss v. State,* 42 Ala. 546). The language of the statutes authorizing the punishment in unlawful homicide cases is different, and very clearly expresses the legislative purpose that the punishment in such cases shall be fixed by the jury.

The judgment must be reversed. The cause will be remanded.

Reversed and remanded.

DOWDELL, C. J., and ANDERSON and MAYFIELD, JJ., concur.