(121 So. 692)

## SMITH v. STATE. (3 Div. 626.)

Court of Appeals of Alabama. Feb. 5, 1929.

Rehearing Denied Feb. 26, 1929.

Hamilton & Caffey, of Brewton, and D. M. Powell, of Greenville, for appellant.

Charlie C. McCall, Atty. Gen., for the State.

SAMFORD, J. Petitioner was indicted by the grand jury of Escambia county on a charge of carnal knowledge of a girl over 12 and under 16 years of age. Upon the trial the jury rendered, and the court received, the following verdict: "We the jury find the defendant guilty, as charged in the indictment," after which the jury was discharged. On a later day of the court, and over the protest of defendant, petitioner was adjudged guilty, and the trial judge, of his own motion, sentenced petitioner to an indeterminate sentence of from 2 years to 2 years and 1 hour in the penitentiary.

The statute, Code 1923, § 5411, provides that the punishment for a violation of that statute is: "*At the discretion of the jury.*" A verdict of a jury in such a case which fails to fix the punishment is incomplete, and should not be received by the court. Dentler v. State, 112 Ala. 70, 20 So. 592; Ex parte Goucher, 103 Ala. 305, 15 So. 601.

We know of no law which authorizes the court to fix the punishment in cases of this character. The discretion is by express statute placed upon the jury, and an attempted exercise of such power by the judge, independent of the verdict of the jury, is error. McKinney v. State, 17 Ala. App. 474, 86 So. 121; Hawes v. State, 19 Ala. App. 280, 97 So. 114; Bates v. State, 170 Ala. 26, 54 So. 432.

Illegality, as distinguished from mere irregularity, rendering the proceeding voidable only, not absolutely void, is a usurpation or excess of jurisdiction apparent on the face of the proceeding, and will entitle a party restrained of his liberty to a writ of habeas corpus and to a discharge from imprisonment. Ex parte McKivett, 55 Ala. 236; Ex parte Simmons, 62 Ala. 416; Ex parte Brown, 102 Ala. 179, 15 So. 602.

While the judge acted without authority, the jurisdiction of the court was not exceeded, and the act of the judge is reviewable on appeal, but not on habeas corpus. Washington v. State, 125 Ala. 40, 28 So. 78. The judgment is affirmed.

Affirmed.

BRICKEN, P. J., dissenting.