(121 So. 693)

**TANNER v. STATE.   (3 Div. 635.)**

Court of Appeals of Alabama.   April 2, 1929.

See, also, 219 Ala. 7, 121 So. 423; ante, p. 61, 121 So. 424; 219 Ala. 139, 121 So. 427.

Hamilton & Caffey, of Brewton, for appellant.

Charlie C. McCall, Atty. Gen., for the State.

BRICKEN, P. J.   At the fall term, 1927, the grand jury of Escambia county, Alabama, returned an indictment against petitioner,

charging him with the offense of carnally knowing, or abusing in the attempt to carnally know, one Mozella Lamberth, a girl over 12 and under 16 years of age. The defendant was, at a subsequent term of court, and on, to wit, the 23d day of October, 1928, duly placed on trial for said offense, and the jury, upon his plea of not guilty, returned a verdict as follows: "We, the jury, find the defendant guilty, as charged in the indictment." No punishment was included in the jury's verdict.

Thereafter, and on the 27th day of October, 1928, petitioner was called before the judge of said court for sentence, and, although he protested that no sentence could be imposed on him under the jury's verdict, the court nevertheless proceeded to adjudge him guilty of the offense charged in the indictment, and to sentence him to hard labor for the state of Alabama for a period of not less than two years and not more than two years and one hour.

The jury alone is authorized to fix the punishment upon a conviction for the offense of carnal knowledge. Section 5411, Code of Alabama 1923; Hawes v. State, 19 Ala. App. 280, 97 So. 114; McKinney v. State, 17 Ala. App. 474, 86 So. 121; Smith v. State (3 Div. 626) ante, p. 72, 121 So. 692; Tanner v. State (3 Div. 627) ante, p. 61, 121 So. 424.

Reversed and remanded.