10 So.2d 867

## POWELL v. STATE.
### 2 Div. 714.

Court of Appeals of Alabama.

Dec. 15, 1942.

Curtis L. Moody, of Mobile, for appellant.

Wm. N. McQueen, Atty. Gen., for the State.

BRICKEN, Presiding Judge.

Upon the filing of this record with the clerk of this court, it was ascertained that the judgment entry contained thereon was wholly defective and insufficient to support the appeal. This fact being made known to the court a certiorari was awarded directing the clerk of the lower court to make diligent search of the records and proceedings in this cause and certify instanter a full and complete transcript of the judgment entry and other proceedings had in the lower court.

In response to said writ the clerk below made returns by forwarding with said writ what purports to be a true and correct

judgment entry as appears upon the records in the court below.

From said judgment it appears that the appellant, defendant below, was indicted at the Spring Term 1942 of said court, and was charged with the offense of manslaughter in the second degree, in that, he unlawfully, but without malice, or the intention to kill, killed Tom Whorley, by negligently running an automobile against him, or by negligently driving an automobile against a truck in which the said Tom Whorley was at the time riding, thereby causing the death of said Tom Whorley, etc.

This appeal is upon the record proper, there being no bill of exceptions. However, under the provisions of the statute, Title 15, § 389, Code 1940, the duty devolved upon the appellate court is to examine the record and ascertain its regularity and to consider all questions thereon. This, the court has done in this case, and as a result, in the performance of this duty, we have discovered that the judgment entry, as shown in the record, is an anomaly, and under no phase of any law can it be sustained as it here appears.

In the first place, said judgment entry, reads as follows: "April 14, 1942—on this day came the solicitor who prosecutes for the State, and also came the defendant in his own proper person and by his attorney into open court, and the said defendant being duly arraigned upon said indictment in open court, for his plea thereto says 'not guilty,' and the said defendant waives trial by jury in this cause. Issue being joined, thereupon a trial is had before the court without a jury, and the same being considered and understood by the court, it is, therefore, the order, judgment and decree of the court that the defendant, Jim Powell, is guilty of manslaughter in the second degree as charged in the indictment."

■ Manslaughter in the second degree is an unlawful homicide, and under the prevailing statute, Title 14, § 322, it is provided that punishment upon conviction for said offense shall be at the discretion of the jury, hence the trial judge was without authority to usurp the duty which devolved upon the jury. In fixing the punishment the court transcended its authority. Bates v. State, 170 Ala. 26, 54 So. 432. In said case the Supreme Court said:

"In this the court transcended its authority and committed reversible error. The punishment should have been assessed by the jury. * * * This language is plain, and requires that any person convicted of manslaughter in the second degree shall be punished by imprisonment in the county jail, or sentenced to hard labor for the county, and that the jury shall fix the term of the punishment within the limit of one year."

In the case of Bankhead v. State, 124 Ala. 14, 26 So. 979, the court held, that, in all cases of unlawful homicide the punishment must be fixed by the jury trying the case, and that the court could not relieve the jury of that responsibility.

The judgment entry here also contains the following:

"And now Jim Powell, the defendant, being in open court and being asked by the court if he had anything to say why the judgment of the court and the sentence of the law should not be pronounced upon him says nothing. It is, therefore, considered by the court, and it is the judgment and sentence of the court that the said defendant, Jim Powell, be imprisoned in the penitentiary of the State of Alabama for a term of 90 days, and that the State of Alabama, for the use of Wilcox County, have and recover of the said defendant all costs in this behalf expended for the recovery of which let execution issue.

"Defendant having failed to pay costs in this case, or to confess judgment for same according to law, it is thereupon considered, ordered and adjudged by the court that the said defendant be, and he is, hereby sentenced to two hundred twenty-three days hard labor for Wilcox County to pay costs at the rate of 75¢ per day, not to exceed ten months, cost amounting to $167.-15."

■ The foregoing is also error apparent on the record. There is no law that authorizes any court to sentence a defendant to a term of 90 days in the penitentiary, nor is there any provision of law authorizing a trial judge to sentence a defendant for one and the same offense to imprisonment in the penitentiary, also at the same time and in the same judgment to hard labor for the county. Our recent case of Bragan v. State, Ala.App., 9 So.2d 126,[1] expressly so holds and reference to the Bragan case will clearly demonstrate that

---

[1] Ante, p. 548.

608

error prevailed throughout the so-called judgment of conviction from which this appeal was taken.

Perforce, the judgment of conviction in the case at bar, must be, and is reversed and the cause remanded to the lower court for another trial in conformity to the existing procedure and law.

Reversed and remanded.

