68 So.2d 735

## HOUSTON v. STATE.

### 4 Div. 231.

Court of Appeals of Alabama.

Dec. 1, 1953.

**360**

R. T. Milner, Robt. S. Milner and Holley, Milner & Holley, Wetumpka, for appellant.

Si Garrett, Atty. Gen., for the State.

HARWOOD, Judge.

This appeal is on the record proper.

The record discloses that this appellant was indicted for carnal knowledge of a girl under 12 years of age. This is a capital offense under the statute creating it, the penalty being either death or imprisonment in the penitentiary for not less than ten years, at the discretion of the jury. See Section 398, Title 14, Code of Alabama 1940.

The judgment entry shows that upon the appellant's arraignment he entered a plea of guilty, was adjudged guilty by the court and sentenced to imprisonment in the penitentiary for a term of ten years. All this without the intervention of a jury.

In addition to Section 398, supra, providing that punishment for violation of said section shall be fixed at the discretion of the jury, we also have Section 70, Title 30, Code of Alabama 1940, which provides that if in a capital case a defendant enters a plea of guilty at any time before a special venire is drawn for the trial, a trial shall be had and the degree of guilt, and the punishment, fixed by a jury to be selected from the panel of regular petit jurors organized by the court during such week as the case is set for trial, in the same manner as juries are organized for the trial of noncapital felonies.

Either of the above code provisions would require a reversal of this cause.

In Tanner v. State, 23 Ala.App. 116, 121 So. 693, and Smith v. State, 23 Ala.App. 106, 121 So. 692, the accused in each case was found guilty by respective juries which failed to fix the punishment in their verdicts. The court, in each case, attempted to fix the punishment. In reversing the causes this court pointed out that the jury alone is authorized to fix punishment in carnal knowledge cases.

The fact that the minimum punishment was imposed by the court is immaterial, since the court is unauthorized to fix any punishment in this type of case. Tanner v. State, supra; Washington v. State, 125 Ala. 40, 28 So. 78.

An analogous principle is likewise found in our homicide cases, based on indictments, the statutes in such cases providing that punishment shall be fixed at the discretion of the jury. The duty of the jury to fix punishment is mandatory, and the trial court cannot relieve the jury of such duty and responsibility. Powell v. State, 30 Ala. App. 606, 10 So.2d 867; Ex parte Wesley, 31 Ala.App. 323, 16 So.2d 427; Bates v. State, 170 Ala. 26, 54 So. 432; Bankhead v. State, 124 Ala. 14, 26 So. 979; Washington v. State, supra.

Reversed and remanded.