76 So.2d 858

**Ex parte James Earl JENKINS, Jr.**

**4 Div. 281.**

Court of Appeals of Alabama.

Jan. 4, 1955.

Charles T. Emmett, Jr., Birmingham, for appellant.

118

Bernard F. Sykes, Asst. Atty. Gen., for the State.

CARR, Presiding Judge.

In the court below James Earl Jenkins, Jr., was indicted for the offense of robbery.

The jurisdiction of our court is invoked by a petition for writ of error.

According to the allegations of the petition, when the cause came for trial in the circuit court, the defendant entered a plea of guilty as charged in the indictment. Without the intervention of a jury the trial judge adjudged the accused guilty of robbery and imposed a sentence of fifteen years in the state penitentiary.

We granted the writ because of this error of law and directed the Clerk of the Circuit Court of Russell County, Alabama, to send up a full and complete transcript of the record and proceedings in the case. Title 15, Sections 383 and 384, Code 1940.

See, also, Smith v. State, 253 Ala. 277, 44 So.2d 250; Ex parte Knight, 61 Ala. 482; Ex parte Wesley, 31 Ala.App. 323, 16 So.2d 427.

The record discloses that the allegations of the petition are true and correct.

Title 14, Sec. 415, Code 1940, sets out the punishment for robbery and provides that this shall be fixed at the discretion of the jury.

Title 30, Sec. 70, Code 1940, makes provisions for the procedure in the event an accused enters a plea of guilty to a capital offense. A jury is selected from the panel of regular petit jurors organized by the court during the week the case is set for trial, and it fixes the degree of guilt and punishment.

The appellate courts of this state have reviewed *many* cases in which the trial judge fixed the punishment when he was not authorized by statute to so do. Some have involved capital offenses, others have not. All of these authorities adhere to the rule that the statutory duty of the jury to fix punishment is mandatory and the trial court cannot relieve the jury of this prerogative. See Houston v. State, Ala.App., 68 So.2d 735;[1] Tanner v. State, 23 Ala. App. 116, 121 So. 693; Washington v. State, 125 Ala. 40, 28 So. 78; Powell v. State, 30 Ala.App. 606, 10 So.2d 867; Smith v. State, 23 Ala.App. 72, 121 So. 692; Smith v. State, 23 Ala.App. 106, 121 So. 692.

In the case of Ex parte Wesley, supra, we reviewed a question which is similar to the one now before us. After amendment of the indictment by agreement, the defendant entered a plea of guilty to manslaughter in the first degree. Without the intervention of a jury, the trial judge adjudged the defendant guilty of manslaughter in the first degree and sentenced him to imprisonment in the penitentiary for a term of ten years. The cause came to this court by writ of error. We granted the writ, reversed the judgment below, and remanded the cause. We think that this opinion is sound, and we have no reason to depart from it.

1. 37 Ala.App. 359.

The judgment of the lower court is ordered reversed and the cause remanded.

Reversed and remanded.