239 So.2d 572

**Walter George HEADRICK**

**v.**

**STATE.**

**7 Div. 75.**

Court of Criminal Appeals of Alabama.

Sept. 15, 1970.

ALMON, Judge.

Walter George Headrick was indicted for murder in the first degree by a Calhoun County Grand Jury on November 7, 1969.

At arraignment Headrick, with his self-employed counsel, pled not guilty and not guilty by reason of insanity.

On June 2, 1970, a jury was empanelled and sworn and the court began to hear evidence. The evidence not being concluded, the jury was kept together without separation during the night.

The next morning it was made known to the court that the defendant and the State had reached an agreement to settle the case. The defendant agreed to withdraw his pleas of not guilty and not guilty by reason of insanity and plead guilty to the lesser included offense of murder in the second degree with a sentence of eighteen years.

The court then proceeded to explain to defendant the significance of his act and to determine if his plea was voluntarily and understandingly entered. The record on this point is in compliance with Boykin v. Alabama, 395 U.S. 238, 89 S.Ct. 1709, 23 L.Ed.2d 274.

However, so far as we are able to ascertain from the record, the jury was never consulted on the sentence prior to its discharge.

Tit. 14, § 318, Code, 1940, sets out the punishment for murder and provides that this shall be fixed at the discretion of the jury.

In Ex parte Jenkins, 38 Ala.App. 117, 76 So.2d 858, it is stated:

"The appellate courts of this state have reviewed many cases in which the trial judge fixed the punishment when he was not authorized by statute to so do. Some have involved capital offenses, others have not. All of these authorities adhere to the rule that the statutory duty of the jury to fix punishment is mandatory and the trial court cannot relieve the jury of this prerogative. See Houston v. State, Ala.App., [37 Ala.App. 359], 68 So.2d 735; Tanner v. State, 23 Ala.App. 116, 121 So. 693; Washington v. State, 125 Ala. 40, 28 So. 78; Powell v. State, 30 Ala.App. 606, 10 So.2d 867; Smith v. State, 23 Ala.App. 72, 121 So. 692; Smith v. State, 23 Ala.App. 106, 121 So. 692."

We quote from Houston v. State, 37 Ala. App. 359, 68 So.2d 735, as follows:

"The judgment entry shows that upon the appellant's arraignment he entered a plea of guilty, was adjudged guilty by the court and sentenced to imprisonment in the penitentiary for a term of ten years. All this without the intervention of a jury.

"In addition to Section 398, supra, providing that punishment for violation of said section shall be fixed at the discretion of the jury, we also have Section 70, Title 30, Code of Alabama 1940, which provides that if in a capital case a defendant enters a plea of guilty at any time before a special venire is drawn for the trial, a trial shall be had and the degree of guilt, and the punishment, fixed by a jury to be selected from the panel of regular petit jurors organized by the court during such week as the case is set for trial, in the same manner as juries are organized for trial of non-capital felonies.

"Either of the above code provisions would require a reversal of this cause.

"In Tanner v. State, 23 Ala.App. 116, 121 So. 693, and Smith v. State, 23 Ala. App. 106, 121 So. 692, the accused in each case was found guilty by respective juries which failed to fix the punishment in their verdicts. The court, in each case, attempted to fix the punishment. In reversing the causes this court pointed out that the jury alone is authorized to fix punishment in carnal knowledge cases.

"The fact that the minimum punishment was imposed by the court is immaterial, since the court is unauthorized to fix any punishment in this type of case. Tanner v. State, supra; Washington v. State, 125 Ala. 40, 28 So. 78.

"An analogous principle is likewise found in our homicide cases, based on indictments, the statutes in such cases providing that punishment shall be fixed at the discretion of the jury. The duty of the jury to fix punishment is mandatory, and the trial court cannot relieve the jury of such duty and responsibility. Powell v. State, 30 Ala.App. 606, 10 So. 2d 867; Ex parte Wesley, 31 Ala.App. 323, 16 So.2d 427; Bates v. State, 170 Ala. 26, 54 So. 432; Bankhead v. State, 124 Ala. 14, 26 So. 979; Washington v. State, supra."

Tit. 15, § 277, Code, 1940, as amended, is not controlling here because that statute applies to pleas of guilty "upon arraignment or prior to trial." Here, a jury was sworn and empanelled and the trial in progress.

We find nothing in Ex parte Singleton, 8 Div. 405, Ala. Ms., September 3, 1970, contrary to the holdings in *Jenkins* and *Houston,* supra.

For the foregoing reason the judgment appealed from is due to be reversed and the cause remanded.

. Reversed and remanded.