TYSON, Judge.
Lyndon Thomas was indicted for the carnal knowledge of Nita Thomas, a girl under the age of twelve years. The jury found the appellant “guilty of carnal knowledge, as charged in the indictment.” The trial court then fixed sentence at thirty years imprisonment in the penitentiary.
We do not treat the evidence in this cause except to observe that the appellant’s two daughters and his wife, each, described a Sunday morning in June, 1977, when the appellant attempted to carnally know his daughter, Nisa Thomas, as well as his still younger daughter, Nita Thomas. The wife described finding the husband in bed with the two girls after being called by another child.
We must reverse and remand this cause for a new trial for the reasons hereinafter set forth.
I.
In his proclamation, proclaiming the effective date of the Code of Alabama 1975, Governor George C. Wallace set October 31, 1977, as the effective and operative date of same. See Volume 1, Code of Alabama 1975, at vi (introductory portion).
Section 1-1-9, Code of Alabama 1975, Volume 3, reads as follows:

“§ 1-1-9. Existing rights, remedies and defenses preserved.

*1014 “This Code shall not affect any existing right, remedy or defense, nor shall it affect any prosecution now commenced, or which shall be hereafter commenced, for any offense already committed. As to all such cases, the laws in force at the adoption of this Code shall continue in force. But this section does not apply to changes in forms of remedy or defense, to rules of evidence, nor to provisions authorizing amendments of process, proceedings or pleadings in civil cases. (Code 1852, § 10; Code 1867, § 10; Code 1876, § 10; Code 1886, § 10; Code 1896, § 10; Code 1907, § 10; Code 1923, § 11; Code 1940, T. 1, § 9.)”
As hereinabove noted, the offense in question occurred on a Sunday morning in June, 1977. While the Code of Alabama 1975 now allows the trial judge to fix punishment in such cases, the former Code applicable to this offense required the punishment to be fixed by the jury and not the judge.
In Ex parte Jenkins, 38 Ala.App. 117, 76 So.2d 858, we find this statement:
“The appellate courts of this state have reviewed many cases in which the trial judge fixed the punishment when he was not authorized by statute to so do. Some have involved capital offenses, others have not. All of these authorities adhere to the rule that the statutory duty of the jury to fix punishment is mandatory and the trial court cannot relieve the jury of this prerogative. See Houston v. State, 37 Ala.App. 359, 68 So.2d 735; Tanner v. State, 23 Ala.App. 116, 121 So. 693; Washington v. State, 125 Ala. 40, 28 So. 78; Powell v. State, 30 Ala.App. 606, 10 So.2d 867; Smith v. State, 23 Ala.App. 72, 121 So. 692; Smith v. State, 23 Ala.App. 106, 121 So. 692.”
Further, in Smith v. State, 23 Ala.App. 72, 121 So. 692, we find:
“We know of no law which authorizes the court to fix the punishment in cases of this character. The discretion is by express statute placed upon the jury, and an attempted exercise of such power by the judge, independent of the verdict of the jury, is error. McKinney v. State, 17 Ala.App. 474, 86 So. 121; Hawes v. State, 19 Ala.App. 280, 97 So. 114; Bates v. State, 170 Ala. 26, 54 So. 432.”
Inasmuch as the trial court here fixed the punishment instead of having this done by the trial jury, reversible error occurred. Accordingly, we have no alternative but to reverse and remand this cause for a new trial. Smith v. State, supra; Tanner v. State, 23 Ala.App. 116, 121 So. 693; Smith v. State, 23 Ala.App. 106, 121 So. 692; Headrick v. State, 46 Ala.App. 202, 239 So.2d 572. See also Bates v. State, 170 Ala. 26, 54 So. 432; Washington v. State, 125 Ala. 40, 28 So. 78.
For the error shown the judgment is reversed and the cause is remanded for a new trial.
REVERSED AND REMANDED.
All the Judges concur.