370 So.2d 740 (1979)
Howard Lee PROTHRO
v.
STATE.
5 Div. 419.
Court of Criminal Appeals of Alabama.
January 16, 1979.
Rehearing Denied February 20, 1979.
*741 Larkin Radney, Alexander City, for appellant.
William J. Baxley, Atty. Gen., and Willis E. Isaac, Asst. Atty. Gen., for the State, appellee.
LEIGH M. CLARK, Retired Circuit Judge.
The only issue expressly presented by appellant for review is stated in his brief as follows:
"The Alabama `Death Penalty and Life Imprisonment Without Parole' statute violates the Constitution of the United States and the Alabama Constitution of 1901."
The instant challenge of the constitutionality of said Death Penalty and Life Imprisonment Without Parole Act (Act 213, 1975 Ala. Acts, p. 701, et seq.[1] is based upon grounds in addition to those presented in several cases in which the constitutionality of said law as therein raised and considered has been upheld by the Supreme Court of Alabama and by the Alabama Court of Criminal Appeals. See Jacobs v. State, Ala. Cr.App., 361 So.2d 607 (1977), cert. denied Ala., 361 So.2d 640 (1978); Cook v. State, Ala.Cr.App., 369 So.2d 1243 (1977), aff'd in part and rev'd in part and remanded for a rehearing on mitigating circumstances, Ala., 369 So.2d 1251 (1978); Wilson v. State, Ala.Cr.App., 1978, 371 So.2d 932; Beck v. State, Ala.Cr.App., 1978, 365 So.2d 985; Williamson v. State, Ala.Cr.App., 1978, 370 So.2d 1054; and Clements v. State, Ala.Cr.App., 1978, 370 So.2d 708. See also, Evans and Ritter v. State, Ala.Cr.App., 361 So.2d 654 (1977), aff'd as to Evans and rev'd and rem'd as to Ritter for consideration of the applicability of the "felony-murder doctrine" Ala. [July 6, 1979] on remand, Ala.Cr.App. [August 9,] (1978), in which cases each of the defendants-appellants requested and was given the death penalty.
On an indictment charging Zebedee Hayes, Howard Lee Prothro, and Dave Thomas with intentionally killing Luther Shoffeitt during the course of a robbery of Shoffeitt, appellant herein was separately tried. The jury found him guilty as charged and fixed his punishment at death. On a post-conviction hearing, the trial court reduced his punishment by a sentence to imprisonment for life without parole.
*742 Appellant urges that the Alabama Death Penalty Act "violates the Fifth Amendment right to plead not guilty, the Sixth Amendment right to demand a trial by jury, and the Constitution of Alabama, 1901, Article I, Section 11, which provides, "That the right of trial by jury shall remain inviolate."
Appellant centers his aim upon the following parts of the cited Alabama Act:
"§ 13-11-2.
(a) If the jury finds the defendant guilty, it shall fix the punishment at death when the defendant is charged by indictment with any of the following offenses and with aggravation . . . .
"§ 13-11-3.
If the jury finds the defendant guilty of one of the aggravated offenses listed in section 13-11-2 and fixes the punishment at death, the court shall thereupon hold a hearing to aid the court to determine whether or not the court will sentence the defendant to death or to life imprisonment without parole. . . ."
Appellant relies chiefly upon United States v. Jackson, 390 U.S. 570, 88 S.Ct. 1209, 20 L.Ed.2d 138 (1968), in which the court had for consideration the Federal Kidnaping Act, 18 U.S.C. § 1201(a) in pertinent part as follows:
"Whoever knowingly transports in interstate. . . commerce, any person who has been unlawfully . . . kidnaped. . . held for ransom . . shall be punished (1) by death if the kidnaped person has not been liberated unharmed, and if the verdict of the jury shall so recommend, or (2) by imprisonment for any term of years or for life, if the death penalty is not imposed."
In Jackson the Court, speaking through Mr. Justice Stewart for a majority of six, held that the death penalty provision of the Federal Kidnaping Act was invalid because it imposed an impermissible burden upon an accused's exercise of his Fifth Amendment right not to plead guilty and his Sixth Amendment right to demand a trial by jury. The Court said at 390 U.S. 581, at 88 S.Ct. 1216:
"Under the Federal Kidnaping Act, therefore, the defendant who abandons the right to contest his guilt before a jury is assured that he cannot be executed; the defendant ingenuous to seek a jury acquittal stands forewarned that, if the jury finds him guilty and does not wish to spare his life, he will die. Our problem is to decide whether the Constitution permits the establishment of such a death penalty, applicable only to those defendants who assert the right to contest their guilty before a jury. The inevitable effect of any such provision is, of course, to discourage assertion of the Fifth Amendment right not to plead guilty and to deter exercise of the Sixth Amendment right to demand a jury trial. . . ."
The question presented and determined in Jackson is not the question to be determined here, as the legal premises for a conclusion reached therein are essentially different from, and in some respects diametrically opposed to, the legal premises in the case now before us.
It is to be kept in mind that, although Jackson holds that a defendant has the constitutional right not to plead guilty, citing Herman v. Claudy, 350 U.S. 116, 76 S.Ct. 223, 100 L.Ed. 126, it does not hold that one has the constitutional right to a trial without a jury. Even before the Bill of Rights, it was provided, "The trial of all crimes, except in cases of impeachment, shall be by jury; . . ." Constitution of the United States, Art. III, Sec. 2, Par. 3.
Rule 23(a) of the Federal Rules of Criminal Procedure provides:
"Cases to be tried by jury shall be so tried unless a defendant waives a jury trial in writing with the approval of the court and the consent of the government."
Rule 23(a) was attacked as unconstitutional in Singer v. United States, 380 U.S. 24, 85 S.Ct. 783, 13 L.Ed.2d 630, Singer claiming that in a federal criminal case, by virtue of his unconditional right, guaranteed by Art. III, Sec. 2, and the Sixth Amendment, he had "a correlative right to have his case *743 decided by a judge alone if he considered such a trial to be to his advantage." In an extensive consideration of the history of criminal proceedings in England under the common law, in the courts of the American Colonies, in United States courts, and in the courts of the various states before and after their adoption of the Constitution of the United States, the Court in Singer concluded that the Constitution of the United States does not confer upon a defendant in a criminal case a right to waive a jury trial and that Rule 23(a) FRCrP sets forth a reasonable procedure governing attempts to waive jury trials.
At the time of Singer, at the time of Jackson, and from the time of the adoption of the Constitution to and including the present time, with few possible exceptions, such as was attempted by the Federal Kidnaping Act, the determination of the punishment, within the limits prescribed by law, to be imposed upon a defendant convicted in federal cases, was, has been, and is exclusively a function of the trial judge.
"It is axiomatic that it is the exclusive function of juries to determine whether defendants are guilty or not guilty, and of the court to determine matters of punishment. Sullivan v. United States, 317 F.2d 101, 102, C.A. 5, cert. den. 375 U.S. 854, 84 S.Ct. 114, 11 L.Ed.2d 81; McClanahan v. United States, 292 F.2d 630, 634, C.A. 5, cert. den. 368 U.S. 913, 82 S.Ct. 193, 7 L.Ed.2d 130." United States v. Davidson, 367 F.2d 60, 63 (6 Cir. 1966)
The line of demarcation between the function of the judge and the function of a jury as to the punishment to be imposed upon a defendant found guilty of a crime is distinctly different in federal trial courts from what it is in trial courts of Alabama. In a capital case in the trial courts of Alabama, a jury, and a jury alone, has authority to fix the punishment at death. So assiduously has the integrity of the exclusive function of the jury been guarded throughout the years, that not until September 12, 1969, (the date of the approval of Acts 1969, No. 1061, p. 1981, § 1, which will be hereafter discussed) could the trial judge (the court without the intervention of a jury), fix the punishment for a felony when such "power is expressly conferred on the jury," even though defendant had expressly waived a jury trial and entered a plea of guilty. The proposition is stated in Ex parte Jenkins, 38 Ala.App. 117, 76 So.2d 858 (1955) as follows:
"The appellate courts of this State have reviewed many cases in which the trial judge fixed the punishment when he was not authorized by statute to do so. Some have involved capital offenses, others have not. All of these authorities adhere to the rule that the statutory duty of the jury to fix punishment is mandatory and the trial judge cannot relieve the jury of this prerogative. See Houston v. State, 37 Ala.App. 359, 68 So.2d 735; Tanner v. State, 23 Ala.App. 116, 121 So. 693; Washington v. State, 125 Ala. 40, 28 So. 78; Powell v. State, 30 Ala.App. 606, 10 So.2d 867; Smith v. State, 23 Ala.App. 72, 121 So. 692; Smith v. State, 23 Ala. 106, 121 So. 692."
In amending the statutory law by Acts 1969, No. 1061, p. 1981, § 1, the previous stringent requirements that the provisions of statutory law for punishment be fixed by a jury were relaxed to the extent that where a defendant upon arraignment or prior to trial pleads guilty and contemporaneously therewith waives his right to a jury trial, the court, without the intervention of a jury, can fix the punishment the same as a jury might fix or impose it[2] if the case were being tried by a jury, but the court cannot impose capital punishment without the intervention of a jury.
"(a) If a defendant upon arraignment or prior to trial pleads guilty, the court, without the intervention of a jury, shall determine the degree of the offense and fix the punishment therefor the same as a jury might fix or impose it if the case *744 were being tried by a jury, unless, in the discretion of the trial judge, a jury should be impaneled to determine the degree of the offense or to fix the punishment thereof or unless the defendant at the time of entering such plea demands a jury in writing. The court shall not in any event, however, impose capital punishment without the intervention of a jury." (Emphases supplied). Ala.Code 1975, § 15-15-24
Even under the amended statute as above noted, the perennial exclusive function of the jury to fix the punishment for certain crimes, including crimes punished capitally, is preserved, unless a plea of guilty is entered "upon arraignment or prior to trial." The amendment is not applicable when a plea of guilty is entered while the trial is in progress. Headrick v. State, 46 Ala.App. 202, 239 So.2d 572 (1970).
In Singleton v. State, 288 Ala. 519, 262 So.2d 768 (1971), it was held that a defendant charged with a felony, not capital, could waive a jury trial, enter a plea of not guilty and be tried by a judge without a jury if agreeable to both the prosecution and the trial judge. It was noted therein that there was neither constitutional nor statutory provision to the contrary. Speaking through Mr. Justice Maddox, the Supreme Court of Alabama clearly distinguished between the law governing whether accused has the absolute right to a trial by a judge without a jury and the law governing whether the court has jurisdiction or authority to try the accused without a jury if and when the accused, the prosecution and the trial judge agree for him to be so tried. It was pointed out that in misdemeanor cases in the circuit court, the issues, or questions of fact, are tried by the court without the intervention of a jury unless one is demanded. In the absence of such a demand, the judge trying the case necessarily fixes the punishment within the limits provided by statute. The crime for which Singleton was tried and convicted was burglary in the second degree, grand larceny and receiving or concealing stolen property, as to which there was no legislative provision requiring a jury to fix the punishment. Code of Alabama, Recomp.1958, Tit. 14, § 86, § 331, § 338. The court said, at 288 Ala. 522, at 262 So.2d 771:
"We express no opinion whether a defendant could waive a jury trial in those cases where a jury is required to fix the punishment, and degrees of the offense, but we note the provisions of Title 15, § 329, which read:
"`In all cases in which the statute authorized or provides that the jury may fix or impose punishment or penalties of any kind, if the case is tried by the court without a jury, the court or judge trying the case may fix or impose any punishment or penalties which the jury might fix or impose if the case was being tried by a jury.' (Emphasis added).
"We do call attention to Act No. 1061, Acts of Alabama, 1969, which amends Title 15, § 277, Code of Alabama, 1940, so as to eliminate the necessity of impaneling a jury in certain cases when the defendant upon arraignment or prior to trial pleads guilty. . . ."
Whether the Supreme Court of Alabama in Singleton v. State, supra, was indicating, by its quotation from Ala.Code 1940, Tit. 15, § 329, and its reference to Act No. 1061, Acts of Alabama, 1969, that probably a defendant could waive a jury trial in cases where a jury is required to fix the punishment, we express no opinion, but it is clear from the opinion in Singleton that there is no indication therein that a jury trial could be waived in a capital case. The opinion deals exclusively with the question whether such a waiver can be made in a noncapital case, as shown by its first sentence, "Can a defendant charged with a felony, not capital, waive a jury trial, enter a plea of not guilty and be tried by a circuit judge without a jury?"
If the sentence in Acts 1969, No. 1061, p. 1981, § 1(a), "The court shall not in any event, however, impose capital punishment without the intervention of a jury," is not sufficient to show that the Act makes no change in the law that in a capital case a *745 defendant cannot by an attempted waiver of a jury trial and a plea of guilty to a capital offense preclude a jury from fixing his punishment, Code of Alabama 1975, § 12-16-126, when considered with the other pertinent principles of law obtaining in Alabama as hereinabove considered, definitely establishes that a trial court in a capital case can neither determine the guilt nor fix the punishment of a defendant without the intervention of a jury.
"At any time before a special venire has been drawn for the trial of any capital case, if the defendant enters a plea of guilty or in writing waives the right of a special venire, such plea of guilty or such waiver of special venire shall be entered of record and, in either event, no special jury or venire shall be necessary for the trial of such case, but the trial of the case shall be had and the question of the degree of guilt must be ascertained and the punishment fixed by a jury to be selected from the panel of regular petit jurors organized by the court during the week such case is set for trial in the same manner as juries are organized for the trial of felonies not capital, and the state and the defendant shall be allowed the same number of peremptory challenges as they are respectively allowed in the trial of felonies not capital." (Emphasis supplied) Ala.Code 1975, § 12-16-126. (Code 1907, § 7264: Code 1923, § 8651; Code 1940, T. 30 § 70.)
If it is thought that Acts 1969, No. 1061, p. 1981 § 1, is capable of ever permitting a court without a jury to fix the punishment as to a capital crime, it should be noted that by said Act itself the court can only do so "the same as a jury might fix or impose it if the case were being tried by a jury." The Act furnished no authority for the action of the trial court in fixing the punishment in this case at life imprisonment without parole, as such punishment would not be "the same as a jury might fix or impose."
Aside from and independent of the legislatively made and judicially declared law of Alabama prior to the effective date of the Alabama Death Penalty and Life Imprisonment Without Parole Act, as hereinabove stated, that necessitates a determination by a jury of the guilt or innocence and punishment of a defendant in a capital case, the inapplicability of United States v. Jackson, supra, to said Alabama Act is sealed by the express provisions of the Act itself. It provides:
"Except in cases enumerated and described in sections 13-11-2, neither a court nor a jury shall fix the punishment for the commission of treason, felony or other offenses at death, and the death penalty or a life sentence without parole shall be fixed as punishment only in the cases and in the manner herein enumerated and described in section 13-11-2. In all cases where no aggravated circumstances enumerated in section 13-11-2 are expressly averred in the indictment, the trial shall proceed as now provided by law, except that the death penalty or life imprisonment without parole shall not be given, and the indictment shall include all lesser offenses. (Acts 1975, No. 213, § 1.)" (Emphasis supplied). Ala.Code 1975, § 13-11-1
Section 13-11-2 of the Act provides:
"(a) If the jury finds the defendant guilty, it shall fix the punishment at death when the defendant is charged by indictment with any of the following offenses and with aggravation, which must also be averred in the indictment, and which offenses so charged with said aggravation shall not include any lesser offenses:
". . . .
"(c) In such cases, if the jury finds the defendant not guilty, the defendant must be discharged. The court may enter a judgment of mistrial upon failure of the jury to agree on a verdict of guilty or not guilty or on the fixing of the penalty of death. After entry of a judgment of mistrial, the defendant may be tried again for the aggravated offense, or he may be reindicted for an offense wherein the indictment does not allege an aggravated circumstance. If the defendant is reindicted for an offense wherein the indictment *746 does not allege an aggravated circumstance, the punishment upon conviction shall be as heretofore or hereafter provided by law; however, the punishment shall not be death or life imprisonment without parole." (emphasis supplied)
Additional provisions of the Act and the codification thereof are as follows:
"§ 13-11-3.
"If the jury finds the defendant guilty of one of the aggravated offenses listed in section 13-11-2 and fixes the punishment at death, the court shall thereupon hold a hearing to aid the court to determine whether or not the court will sentence the defendant to death or to life imprisonment without parole.
. . . . .
"§ 13-11-4.
"Notwithstanding the fixing of the punishment at death by the jury, the court, after weighing the aggravating and mitigating circumstances, may refuse to accept the death penalty as fixed by the jury and sentence the defendant to life imprisonment without parole, which shall be served without parole; or the court, after weighing the aggravating and mitigating circumstances, and the fixing of the punishment at death by the jury, may accordingly sentence the defendant to death. . . ."
The Act, ex vi termini, and the Alabama Legislature, ex proprio vigore, have set forth not only the only crimes for which one may be punished by death or by life imprisonment without parole, but also the only method by which either punishment may be lawfully imposed. Neither the death sentence nor a sentence to life imprisonment without parole is permissible, whether by agreement of all concerned or not, in the absence of a verdict of a jury finding the defendant guilty and fixing his punishment at death.
We must come to the conclusion that in Alabama the constitutional and statutory law does not permit the trial court, without a jury, to try or fix the punishment in a capital case. Here we find the distinction between United States v. Jackson, supra, and the case now under review. In Jackson, the defendant could waive "a jury trial in writing with the approval of the court and the consent of the government" (Rule 23(a) FRCrP) and thereby escape the death penalty. In Alabama, under the Death Penalty and Life Imprisonment Without Parole Act, he cannot waive a jury trial, even with the consent of the prosecution and the consent of the trial court; he cannot by such a maneuver avoid the legal necessity for a jury to try the facts, find defendant guilty or not guilty, and if found guilty to fix his punishment at death. Such was the procedure in the Evans and Ritter v. State, supra, in which defendants pleaded guilty and requested the death penalty.
Stated otherwise, no provision of the Alabama Act, when considered with other statutory law of Alabama, can have the effect "to discourage assertion of the Fifth Amendment right not to plead guilty and [or] to deter exercise of the Sixth Amendment right to demand a jury trial" as was held in Jackson, supra, 390 U.S. 581, 88 S.Ct. 1216. In the case before us, defendant had nothing to gain by pleading guilty or attempting to waive a jury trial, or both.
In Jackson, if defendant had pleaded guilty and waived a jury trial with the approval of the court and the consent of the government, the court could and would have tried the case without a jury, and if Jackson was found guilty, the court would have had no alternative to fixing his punishment at "imprisonment for any term of years or for life," as provided by the Federal Kidnapping Act, 18 U.S.C., § 1201(a)(2). In instant case, the court could not approve and the State could not consent to any attempted waiver by defendant of a jury trial. In Jackson, the court and the government, when acting together, could approve and consent to such a waiver.
By the law of Alabama, whether the accused pleads guilty or not guilty, or refuses or declines to plead, a jury must pass upon the question of the guilt or innocence of one indicted under the Death Penalty *747 and Life Imprisonment Without Parole Act, and a jury must fix defendant's punishment if he is found guilty. Neither the Constitution of the United States nor the Constitution of Alabama gives an accused the right to dispense with a jury trial.
In support of his contention that United States v. Jackson, supra, leads to the conclusion that the Death Penalty and Life Imprisonment Without Parole Act is unconstitutional, appellant finds comfort in what was said by Mr. Justice Blackmun in Lockett v. Ohio, 438 U.S. 586, 98 S.Ct. 2954, 57 L.Ed.2d 973 (1978), in which he stated that Ohio's "Death Penalty and Life Imprisonment Without Parole" statute contained a similar infirmity to the statute considered in the Jackson case. Appellant candidly concedes that Mr. Justice Blackmun was expressing his view only and that such view is not to be found expressly or by implication in the plurality opinion holding the Ohio statute unconstitutional as incompatible with provisions of the United States Constitution not involved in this case. Nevertheless, appellant asks that we consider Mr. Justice Blackmun's views, which we gladly do.
Mr. Justice Blackmun stated:
"Under Ohio Rule Crim.Proc., 11(C)(4), the sentencing court has full discretion to prevent imposition of a capital sentence `in the interest of justice' if a defendant pleads guilty or no contest, but wholly lacks such discretion if the defendant goes to trial."
It is to be seen therefrom, as well as from the remainder of the view expressed in reliance upon Jackson, that, unlike Alabama law on the subject, a trial court of Ohio could withhold imposition of the death penalty solely by reason of "the interest of justice," whenever a defendant pleads guilty, but could not do so if and when defendant pleads not guilty. There is no such provision of law in Alabama. The encouragement to plead guilty that Mr. Justice Blackmun finds in Ohio law cannot be found in the law of Alabama. The law of Alabama is in marked contrast, in that only a jury can make a factual determination of guilt and only a jury can fix the punishment at death. If and when both are done, then the trial court without a jury, can impose a sentence of death or of life imprisonment without parole, regardless of how defendant has pleaded.
In addition to our consideration of the only issue raised by appellant, we have reviewed the record to determine whether there was any error on the trial prejudicial to defendant. The evidence fully justifies the verdict. Without attempting to summarize it, we refer to a summary of the evidence in the companion case of Thomas v. State, Ala.Cr.App., 358 So.2d 1076 (1978), in which the witnesses and their testimony were substantially the same as in instant case, except in the particular that the incriminating statement of each defendant was admitted in evidence in his case only. According to the evidence in the case now before us, including appellant's incriminating statement, the robbery of Mr. Shoffeitt was carefully planned by the three defendants; Mr. Shoffeitt was killed by one of the two shotguns supplied by appellant for the purpose of killing, if necessary, in an attempt to rob; appellant was in the store with Mr. Shoffeitt prior to the robbery and signalled the other two to come in with the guns, and was standing with Shoffeitt and was in the process of robbing him when Hayes shot and killed him. Furthermore, in the incriminating statement of appellant, he said:
". . . I heard a shot and the man fell back into my arms. I didn't see Zebedee shoot the man, but I heard Zebedee say he shot the man. Dave told me I grabbed the man around the neck, but I don't remember it. I may have when I saw the man had a gun and I was behind him. I can't remember for sure, because I was behind the man, And I thought I was shot too. I saw Zebedee's gun unbriched and I guess Zebedee took the empty shell out. I saw a billfold on the floor of the store and I got it. I then run out the door. . . . I didn't see the money until we got to my house and I counted it and divided it."
*748 There is no error in the record prejudicial to appellant. The judgment of the trial court should be affirmed.
(The writer of this opinion, in the main as it is now, submitted it before the then manuscript opinion in Evans v. State, Ala.Cr. App., 362 So.2d 1284, came to his attention.)
The foregoing opinion was prepared by Retired Circuit Judge LEIGH M. CLARK, serving as a judge on this court under the provisions of § 6.10 of the new Judicial Article (Constitutional Amendment No. 328). His opinion is hereby adopted as that of the court and Evans, supra; Roosevelt Youngblood v. State, 3 Div. 935, (October 31, 1978) affirmed without opinion, are hereby overruled.
AFFIRMED.
HARRIS, P. J., and BOOKOUT and BOWEN, JJ., concur.
TYSON and DeCARLO, JJ., concur specially.
TYSON, Judge (with whom DeCARLO, J., joins), concurring specially.
Judge DeCarlo and I concur in the result only of the affirmance of this cause, but respectfully disagree with the language used and construction of Section 13-11-1 through Section 13-11-9, Code of Alabama 1975 (Alabama Death Penalty Act), and Section 15-15-24(a), Code of Alabama 1975.
There is no member of the Bar of Alabama or jurist in this State for whom Judge DeCarlo and I have greater love and respect than the author of the principal opinion in this cause, the Honorable Leigh Clark. Needless to say, a majority of our brothers have agreed with his views in the principal opinion, but the two of us view the statutes under consideration through a different set of "eyeglasses." We respectfully disagree for the following reasons:
1. The holding of the majority in this cause overrules the opinion of this Court in Evans v. State (1978), Ala.Cr.App., 362 So.2d 1284, which was followed by this Court in Roosevelt Youngblood v. State (Oct. 31, 1978), 3 Div. 935, affirmed without opinion. Needless to say, however, it is not the overruling of these two cases per se that constitutes the basis of our disagreement, but rather the problems created by the majority's opinion in this cause in so doing.
2. The effect of the majority's opinion in this cause is to require that all persons charged with a capital offense, i. e., under the Alabama Death Penalty Act (See Section 13-11-1 through Section 13-11-9), shall hereinafter be required to undergo a trial by jury and the ensuing aggravation and mitigation hearing (See Section 13-11-3 through Section 13-11-7) and are therefore unable to enter an intelligent plea of guilty and have sentence imposed by the trial court without a jury being impaneled. This interpretation effectively precludes the imposition of "life imprisonment without parole" without such trial by jury and ensuing aggravation and mitigation hearing following trial. We view such an interpretation to be an unconstitutional infringement on Amendments Nos. Five and Six to the Constitution of the United States of America.
3. Should the majority's view prevail, then Judge DeCarlo and I are of the opinion that the accused is being denied the effective assistance of counsel in violation of Amendment Fourteen and Amendment Five of the Constitution of the United States by virtue of nullifying the accused's right to "plea bargain." See Boykin v. Alabama (1970), 395 U.S. 238, 89 S.Ct. 1709, 23 L.Ed.2d 274; and Chaffin v. Stynchcombe (1973), 412 U.S. 17, 93 S.Ct. 1977, 36 L.Ed.2d 714.
4. Not only would the majority's view have the "chilling effect" on the effective assistance of counsel and ensuing "plea bargaining," but would necessarily require all persons charged under the Alabama Death Penalty Act to endure a trial by a jury, and the ensuing aggravation or mitigation hearing, in order to receive "life imprisonment without parole." We are of the opinion that such an interpretation is in conflict with the views of the United States Supreme Court in Corbitt v. New Jersey *749 (1978), ___ U.S. ___, 99 S.Ct. 492, 58 L.Ed.2d 466.
5. Judge DeCarlo and I are of the opinion that "the several chapters, titles, and sections of the Code of Alabama are in pari materia, each having a field of operation and must be so construed." Jenkins v. State (1944), 245 Ala. 159, 16 So.2d 314; Smith v. State (1931), 223 Ala. 346, 136 So. 270.
Based upon the foregoing principle, we note that Section 13-11-1 through Section 13-11-9 were brought forward by the Legislature of Alabama, as indeed was Section 15-15-24(a), Code of Alabama 1975, when all of the foregoing statutes were adopted by the Legislature of Alabama in 1977 and proclaimed effective on October 31, 1977, by Governor George C. Wallace (See Volume 1, Code of Alabama 1975 at vi, introductory portion). Inasmuch as Section 15-15-24(a) (formerly Title 15, Section 277, Code of Alabama 1940, as amended 1969) was brought forward, it is our view that the express purpose of this statute was to allow the trial court to impose in a capital case a punishment of less than death by the acceptance of a formal plea of guilty at a point in time prior to trial without the intervention of a jury. We do not read the provisions of Section 13-11-1 as in effect "pre-empting the field" in this respect. To the contrary, we are of the opinion that following indictment and arraignment, an accused in a capital case may through "plea bargaining negotiations" through counsel, with the district attorney, and with the consent of the trial judge enter a guilty plea, and the court impose a punishment of "life imprisonment without parole," without the intervention of a jury. Section 15-15-24(a), Code of Alabama 1975; Evans v. State (1978), Ala.Cr.App., 362 So.2d 1284.
In our view, to hold otherwise, would have the unconstitutional effect of denying the accused the opportunity to negotiate through his attorney for a lesser punishment where he is charged under the Alabama Death Penalty Act. Cf. United States v. Jackson (1968), 390 U.S. 570, 88 S.Ct. 1209, 20 L.Ed.2d 138.
6. We are further of the opinion that the majority's view in this cause may well conflict with Jacobs v. State (1978), 361 So.2d 640, in that Jacobs determines that the trial judge is the final sentencing authority and not the trial jury. Id. at 644.
NOTES
[1] Ala.Code 1975, § 13-11-1, et seq.
[2] This particular qualification in Act No. 1061, Acts 1969, will be hereafter especially considered in connection with particular language of the Death Penalty and Life Imprisonment Without Parole Act.