TYSON, Judge.
Appellant was charged by indictment with the second degree murder of one Otto Kidd “by shooting him with a rifle,” etc. The trial jury, using a verdict form given in the trial court’s oral charge, returned a guilty verdict, which reads as follows:
“VERDICT
“We, the jury, find the defendant guilty of murder in the second degree as charged in the indictment.”
Following the return of the jury’s verdict, the trial court entered judgment of conviction and imposed sentence at fifteen years imprisonment.
I
We pretermit discussion of other facts of the instant case in light of the error committed at sentencing. Section 15-18-20, Code of Alabama 1975, reads as follows:
“Offense punishable by imprisonment in penitentiary or hard labor in county jail. “When an offense is punishable by imprisonment in the penitentiary or hard labor for the county, the court must impose the term of punishment, unless the power is expressly conferred on the jury. (Code 1852, § 258; Code 1867, §§ 3782, 3806; Code 1876, §§ 4484, 4506; Code 1886, § 4494; Code 1896, § 5415; Code 1907, § 7623; Code 1923, § 5278; Code 1940, T. 15, § 328.)”
The specific statute relating to this issue, Section 13-1-74, Code of Alabama 1975, states:
“Punishment — Generally.
“Any person who is guilty of murder in the first degree shall, on conviction, suffer imprisonment in the penitentiary for life, unless otherwise specified by law; and any person who is guilty of murder in the second degree shall, on conviction, be imprisoned in the penitentiary for not less than 10 years, at the discretion of the jury. (Code 1852, § 112; Code 1867, § 3654; Code 1876, § 4296; Code 1886, § 3729; Code 1896, § 4858; Code 1907, § 7088; Code 1923, § 4458; Code 1940, T. 14, § 318.)”
See also, Thomas v. State, Ala.Cr.App., 365 So.2d 1013, cert. denied, 365 So.2d 1014 (1979); Ex Parte Jenkins, 38 Ala.App. 117, 76 So.2d 858 (1955); Smith v. State, 23 Ala.App. 72, 121 So. 692 (1929); Tanner v. State, 23 Ala.App. 116, 121 So. 693 (1929); Bates v. State, 170 Ala. 26, 54 So. 432 (1911); Washington v. State, 125 Ala. 40, 28 So. 78 (1900).
In the instant case the trial judge set punishment in contravention of the above authorities. In murder cases punishment must be set by the jury.
For the error shown, this cause is due to be and is hereby
REVERSED AND REMANDED.
All the Judges concur.