BOOKOUT, Judge.
Carnal Knowledge of a girl under the age of twelve; sentence: ninety-nine years imprisonment.
The evidence indicates that the offense in question was committed sometime during the spring of 1977 while the prosecutrix was in the sixth grade. Although an exact date was not proved, the evidence indicates that the offense was committed prior to the effective date of the Code of Alabama of 1975. By proclamation of the governor, the 1975 Code became effective on October 31, 1977. See Proclamation, page vi, Volume 1, Code of Ala. 1975. That Code did not affect any prosecution for any offense already committed prior to its effective date. Section 1-1-9, Code of Ala. 1975. The instant prosecution was therefore brought pursuant to Title 14, § 398, Code of Ala. 1940:
“Any person who has carnal knowledge of any girl under twelve years of age, or abuses such girl in the attempt to have carnal knowledge of her, shall, on conviction, be punished, at the discretion of the jury, either by death or by imprisonment in the penitentiary for not less than ten years.” (Emphasis supplied.)
In the instant case the jury returned a guilty verdict without setting the punishment. Defense counsel objected to the receipt of such a verdict “upon the grounds that it does not fix the punishment.” The trial judge nevertheless accepted the verdict and fixed punishment at ninety-nine years imprisonment.
The State, in a tacit admission of error, declined to file a brief in the instant appeal filing only the following statement:
“In light of this offense having occurred prior to the effective date of the 1975 Code of Alabama, and in light of the fact that prior to the effective date of said Code the jury was statutorily mandated to set punishment in carnal knowledge cases (Tit. 14, § 398, Code of Alabama, 1958), and in light of the action of the trial court in exercising exclusive authority in imposing sentence on the defendant (TR 141-42), appellee respectfully declines to file a Brief. Thomas v. State, Ala.Cr.App., 365 So.2d 1013 (1978), cert. denied, Ala.S.Ct., 365 So.2d 1014 (1979); Tanner v. State, 23 Ala.App. 116, 121 So. 693 (1929); Smith v. State, 23 Ala.App. 106, 121 So. 692 (1929).”
The identical question was presented in Thomas, supra, in which this court stated:
“Inasmuch as the trial court here fixed the punishment instead of having this done by the trial jury, reversible error occurred. Accordingly, we have no alternative but to reverse and remand this cause for a new trial. . . ”
A new trial is therefore mandated wherein the jury must be instructed to fix punishment if a guilty verdict is again returned.
REVERSED AND REMANDED.
All the Judges concur.